## BELCHER v. ÆTNA LIFE INS. CO. et al.

### No. 169.

District Court, W. D. Texas, Del Rio Division.
June 3, 1933.

James Cornell, R. G. Hughes, and D. B. Hardeman, all of San Angelo, Tex., for plaintiff.

Boyle, Wheeler, Gresham & Terrell, of San Antonio, Tex., for defendant Ætna Life Ins. Co.

John J. Foster, of Del Rio, Tex., for defendant Del Rio Wool & Mohair Co.

Leon L. Mott, of Houston, Tex., for defendant Federal Intermediate Credit Bank of Houston.

McMILLAN, District Judge.

This matter arises on motion by plaintiff to remand the cause to the state court. The suit was filed in the district court of Val Verde county, Tex., by plaintiff, Mary E. Belcher, against the Ætna Life Insurance Company to recover the aggregate amount of $75,000 on two policies of life insurance on the life of the late Clifton C. Belcher. The Del Rio Wool & Mohair Company and the Federal Intermediate Credit Bank of Houston are joined as parties defendant, under a general allegation to the effect that they are adverse claimants with regard to the subject-matter of the litigation.

The case was removed to this court by the Federal Intermediate Credit Bank of Houston, neither of the other defendants joining in the petition for removal. The defendant Ætna Life Insurance Company has filed an answer admitting its liability and offering to pay the funds into the registry of the court when the question of jurisdiction is determined.

The record here shows, and the parties have admitted in argument before the Bar, that there is no question of separable controversy in the case. The right to maintain the federal jurisdiction and the issues involved here are very clearly stated by the removing defendant as follows:

"(1) The first and main question involved on the motion to remand is whether or not the United States District Court has jurisdiction of an action brought against a Federal Intermediate Credit Bank, where the requisite amount is involved, solely by reason of the fact that the bank is chartered and incorporated under an Act of Congress, and its

capital stock is owned entirely by the United States Government?

"If the above question is answered in the affirmative, then the following question must be determined.

"(2) May that jurisdiction be defeated and a Federal Intermediate Credit Bank be denied the right given and reserved to it, by reason of there being other defendants made by plaintiff against whom, if sued alone, jurisdiction would not be in the Federal Courts?"

■ The first question should, under the statute and the authorities, be answered in the affirmative. It has for many years been settled law that corporations chartered or incorporated under an act of Congress are entitled to invoke the jurisdiction of the federal courts, both originally and by removal, save as limited by statute. Osborn v. Bank of the United States, 9 Wheat. 738, 6 L. Ed. 204; Texas & P. R. Co. v. Cody (Pacific Railway Cases), 166 U. S. 606, 17 S. Ct. 703, 41 L. Ed. 1132. Statutory limitations have from time to time been thrown around this right, and by the Act of February 13, 1925, § 12, United States Code Annotated, title 28, § 42, it was provided as follows: "No district court shall have jurisdiction of any action or suit by or against any corporation upon the ground that it was incorporated by or under an Act of Congress. This section shall not apply to any suit, action, or proceeding brought by or against a corporation incorporated by or under an Act of Congress wherein the Government of the United States is the owner of more than one-half of its capital stock."

Defendant Federal Intermediate Credit Bank of Houston is one of the corporations falling within the exceptions provided by this act, inasmuch as it holds a federal charter and the government of the United States is the owner of more than one-half of its capital stock. Accordingly, it is clear, under the authorities and the statutes, that as plaintiff in a proper case it would have the right to originally invoke the federal jurisdiction, or as sole defendant to remove to the federal court.

■ Accordingly, the question at issue here is whether, as a defendant properly joined with other defendants in a case where the cause of action against all of the defendants is joint, it can remove the case to the federal court without the joinder of the other defendants. The only ground on which this defendant has the right to remove this case here is that it arises under the Constitution and laws of the United States.

Speaking of such removals, it is said in Dillon's Removal of Causes (5th Ed.) § 80: "Where there is no separable controversy as between the plaintiff and the removing defendant, but the ground of removal is that the controversy arises under the Constitution and Laws of the United States, the suit can only be removed on the petition of all the defendants."

In Dobie on Federal Procedure, page 361, it is said: "The right of removal here is given by the first sentence of section 28 of the Judicial Code (28 USCA § 71) to 'the defendant or defendants.' Here, as is generally true, the expression is a collective one. Accordingly, with more than one defendant, all the defendants must join in the removal petition, or the case, under this sentence, cannot be removed."

Numberless other authorities to the same effect might be multiplied. See Montgomery's Manual of Federal Jurisprudence and Procedure (3d Ed.) § 294; Rose's Federal Jurisprudence and Procedure (3d Ed.) § 427; Lewis' Removal of Causes, p. 209, § 83; Desty's Removal of Causes (3d Ed.) § 95–J; Bates on Federal Procedure, vol. 2, § 796; Cyclopedia of Federal Procedure, vol. 2, § 287, p. 113; 54 Corpus Juris, p. 315; 23 Ruling Case Law, p. 732.

The decisions by the Supreme Court of the United States and inferior federal courts sustaining this doctrine are referred to by the text-writers mentioned. The proposition is fundamental, and it is unnecessary to go into it further here.

The question naturally arises: Why should any different rule prevail in this case? It is strenuously contended by counsel for the defendant Federal Intermediate Credit Bank of Houston that it is not only a corporation chartered by the federal government, but is an agency of that government itself, and as such should have the right to resort to the federal courts. It is further contended that this is the obvious purport of the Act of February 13, 1925, hereinbefore quoted.

In construing this act, the law with regard to removals must be constantly kept in mind. The removal jurisdiction is very rarely broader than the original jurisdiction of the District Courts, and is frequently much narrower. There are, therefore, many cases which a plaintiff might properly originally institute in the federal District Court, but

which, if brought in the state court, the defendant is unable to remove. The right of removal is entirely statutory. An express warrant in a federal statute must be shown in each case for the removal. See Dobie on Federal Procedure, pp. 346, 347.

Accordingly, while it is perfectly obvious that this federal corporation might, as an original proposition, invoke the jurisdiction of the federal courts, it does not follow that it has the right of removal unless that right falls clearly under the federal statute. The right to remove, if it exists here, must come from section 28 of the Judicial Code (28 US CA § 71), and from the very first sentence of that section, which covers suits arising under the Constitution or laws of the United States. That section accords the right to remove to "defendant or defendants," and, as heretofore shown, this phraseology has uniformly been held to be collective and to mean that all substantial defendants must join. This rule was applied by the courts to other corporations chartered by act of Congress and having the right of removal prior to the Act of February 13, 1925. See Texas & Pacific Railway Co. v. Eastin & Knox, 214 U. S. 153, 29 S. Ct. 564, 53 L. Ed. 946; Matter of Dunn, 212 U. S. 374, 29 S. Ct. 299, 53 L. Ed. 558. Compare Chicago, etc., Ry. Co. v. Martin, 178 U. S. 245, 20 S. Ct. 854, 44 L. Ed. 1055.

The court has been unable to find, and counsel for the removing defendant, although filing a most admirable and forceful brief, has failed to cite, any case which would indicate that defendant in this case is excepted from this general rule. Counsel contends, however, that the proviso contained in the latter part of the Act of February 13, 1925, indicates an intention on the part of Congress to confer an absolute federal jurisdiction in cases in which corporations of this character may be involved. The act, however, is not susceptible of this construction. The obvious purpose of the statute is to further restrict the jurisdiction of the federal courts. Congress, having in mind the uniform holding of the courts that cases to which corporations having federal charters were parties arose under the Constitution and laws of the United States, desired to change this rule, with the proviso that the law as it then existed should remain in effect as to such corporations wherein the United States was the owner of more than one-half of the capital stock. The effect of this enactment was to leave these corporations just where other federal corporations had been before, and not to increase the jurisdiction of the federal courts with regard to these corporations.

If the Congress had intended not only to give such corporations the right to originally invoke the jurisdiction of the federal courts, but to remove every case to which they might be a party to the federal courts, without regard to the limitations provided by the removal statute, then it certainly would have used more apt and conclusive language.

It may be, as counsel very forcefully contends, that it is desirable for this federal jurisdiction to exist in the case of corporations such as this, where the record shows the government not only owns more than one-half, but all of the capital stock. If this be true, it is a matter for legislative and not judicial declaration.

Accordingly, the motion to remand will be granted.