## CITY OF CORBIN v. VARDEN et al.
### No. 1618.

District Court, E. D. Kentucky.
March 8, 1937.

R. C. Browning, of Corbin, Ky. and Hiram H. Owens, of Barbourville, Ky., for plaintiff.

E. B. Wilson, of Pineville, Ky., for defendant White F. Varden, receiver.

FORD, District Judge.

The City of Corbin filed this action in the circuit court of Whitley county for the use and benefit of a holder of certain of its street improvement bonds.

Under Kentucky statutory provisions governing the imposition of street improvement liens by municipal corporations, the cost of such improvement is apportioned against the separate parcels of abutting property, according to frontage, and the lien created upon each piece of property is independent of that imposed upon every

other abutting lot. The statutes also provide that in case of default, actions to enforce such separate statutory liens may be joined in one proceeding. Kentucky Statutes, §§ 3457, 3459.

Under this specially authorized procedure, the city joined in this suit several causes of action for the enforcement of such liens against various separately described lots. The owners of all parcels are joined as defendants, but no joint liability is claimed.

Among the various property owners, against whose land a lien is asserted, is the defendant P. C. Jenkins, the owner of three lots abutting the improved street. It is alleged that the Whitley National Bank, which is now in liquidation and in the hands of White F. Varden, its receiver, holds a mortgage against the same property of P. C. Jenkins, but inferior to the lien of the city. The receiver was made a defendant in his official capacity and summoned to set up in the action whatever rights he may have to the property of Jenkins. The insolvent national bank is not a party.

Upon the petition of the receiver, the entire suit has been removed to this court. The plaintiff has filed a motion to remand. The receiver contends that this court should take jurisdiction of the entire cause and all parties thereto and should hear and determine all issues.

■ In cases involving separable controversies wholly between citizens of different states made removable by the third sentence of section 28 of the Judicial Code, as amended (28 U.S.C.A. § 71), the removal extends to the entire suit. City of Gainesville v. Brown-Crummer Inv. Co., 277 U.S. 54, 48 S.Ct. 454, 72 L.Ed. 781.

■ This case, however, is not between citizens of different states and does not fall within that provision of the statute. There is a clear distinction between the class of cases embraced in that provision of the removal act and those in which separate and distinct causes, not ordinarily maintainable in the same action, are joined in one suit by express statutory permission. As to cases wherein are joined wholly independent causes of action, some of which are removable and others not removable, the courts have adopted the view that they are to be regarded as a combination of suits and each controversy is treated as an independent suit. Under such circumstances, the federal court takes jurisdiction, if at all, only of the removable actions and leaves the others to be determined by the courts of the state. Pacific Railroad Removal Cases (Union Pac. Ry. Co. v. Myers [City of Kansas]), 115 U.S. 1, 3, 22, 23, 5 S.Ct. 1113, 29 L.Ed. 319; Deepwater Ry. Co. v. Western Pocahontas Coal & Lumber Co. (C.C.A.) 152 F. 824; In re Stutsman County (C.C.) 88 F. 337; Alabama Power Co. v. Gregory Hill Gold Mining Co. (D.C.) 5 F.(2d) 705; Hughes Federal Practice, § 2774.

This leaves for determination the question of removal only in respect to the cause of action asserted against the defendants P. C. Jenkins and the receiver. None of the others are claimed to be removable.

The ground of removal relied upon by the receiver is that the action, being against him in his official capacity and involving an asset of the insolvent bank in his hands for liquidation, is a case for winding up the affairs of an insolvent national bank, original jurisdiction of which is conferred upon the federal court by section 24, subd. 16, of the Judicial Code (28 U.S.C.A. § 41, subd. 16). And, further, it is claimed that the existence of original federal jurisdiction, coupled with the fact that the office of receiver of a national bank is created and its duties defined by the laws of the United States, in the performance of which the receiver acts as an agent and officer of the Federal Government, makes the action one which, in contemplation of law, arises under the laws of the United States, and hence is removable under the provisions of section 28 of the Judicial Code, as amended (28 U.S.C.A. § 71). Studebaker Corp. v. First National Bank (D.C.) 10 F.(2d) 590.

■ A federal court has no jurisdiction to remove a cause from a state court except such as Congress has expressly conferred. Gaines v. Fuentes, 92 U.S. 10, 23 L.Ed. 524; Little York Gold Washing, etc., Co. v. Keyes, 96 U.S. 199, 24 L.Ed. 656.

The section of the statute here relied upon, as authorizing removal, provides that: "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district." Judicial Code, § 28, as amended, 28 U.S.C.A. § 71.

By a different section dealing with jurisdiction of national bank cases, original jurisdiction is conferred upon the District Courts of the United States of all cases "for winding up the affairs of any such bank." Judicial Code, § 24, subd. 16 (28 U.S.C.A. § 41, subd. 16).

Even if, as contended by the receiver, this case be regarded as one "for winding up the affairs of a national bank" and consequently within the statute defining the original jurisdiction of the District Court, obviously that meets but one of the requirements of the statute authorizing removal. It remains to be determined whether the case, tested by the questions involved, is one "arising under the laws of the United States"; for, as said in the case of Dubuclet v. Louisiana, 103 U.S. 550, 553, 26 L.Ed. 504. "It is one thing to have the right to sue in the courts of the United States, and another to transfer to that jurisdiction a suit lawfully begun in a State court."

The statutory phrase "arising under the Constitution or laws of the United States" seems clearly to imply that the federal question presented shall be substantial and shall bear more than an inconsequential relation to the issues.

In Bankers' Mut. Casualty Co. v. Minneapolis, St. Paul, etc., Ry. Co., 192 U.S. 371, 381, 24 S.Ct. 325, 328, 48 L.Ed. 484, it was said: "But it is contended that jurisdiction also rested on the ground that the case arose under the Constitution or laws of the United States, and that must be tested by the settled rule that a suit does not so arise unless it really and substantially involves a dispute or controversy as to the effect or construction of the Constitution or some law or treaty of the United States, upon the determination of which the result depends, and which appears on the record by plaintiff's own statement of his case in legal and logical form, such as is required in good pleading." Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Arbuckle v. Blackburn, 191 U.S. 405, 24 S.Ct. 148, 48 L.Ed. 239; Defiance Water Co. v. Defiance, 191 U.S. 184, 24 S.Ct. 63, 48 L.Ed. 140; Little York Gold Washing, etc., Co. v. Keyes, supra; Starin v. New York, 115 U.S. 248, 6 S.Ct. 28, 29 L.Ed. 388.

In the case of Connolly v. First National Bank-Detroit, 86 F.(2d) 683, 685 (C.C.A.6), the court said: "In cases of this nature where jurisdiction depends upon the suit's arising under the laws of the United States, i. e., under title 28, § 41, subd. (16), U.S.C. (28 U.S.C.A. § 41 (16), above quoted, or under title 12, § 191, U.S.C.(12 U.S.C.A. § 191), or under any other 'laws of the United States,' title 28, § 41, subd. (1), U.S.C.(28 U.S.C.A. § 41(1), we are unauthorized to go beyond the declaration in determining whether it exists."

Plaintiff's petition presents no question involving a controversy as to the effect or construction of the Constitution or any law of the United States. It indicates no dispute or conflict between the parties as to the status, authority, or duties of the receiver or any other officer or agent of the United States. The action appears to be nothing more than a simple foreclosure proceeding for the adjudication and enforcement of lien rights created and existing under state laws. No rights are asserted or relief sought under any other laws. Nothing is disclosed to indicate that the results of the action depend, even remotely, upon the determination of any federal question.

I am unable to concur in the view that, as a matter of law, without regard to the questions actually and substantially involved, every action brought in a state court against a receiver of a national bank, in his official capacity, "arises under the laws of the United States."

Aside from that question, however, in considering the removability of this case, we are confronted with the well-established rule that where a suit brought in a state court against several defendants is sought to be removed on the ground that it involves a substantial federal question, in order to accomplish its removal all defendants who are necessary, and not merely nominal parties, must join in the application. Chicago, R. I. & P. Ry. v. Martin, 178 U.S. 245, 20 S.Ct 854, 44 L.Ed. 1055; Gableman v. Peoria, etc., Ry. Co., 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220. This rule was recently applied by the Circuit Court of Appeals of the First Circuit in the case of Bailen v. Deitrick, 84 F.(2d) 375, in which it appears that a suit filed in the state court against an insolvent national bank and its receiver, involving matters which related to the winding up and liquidation of the affairs of the bank, was removed to the federal court upon the petition of the receiver alone. The court held that the failure of the defendant bank, a necessary party, to join in the receiver's petition for removal necessitated the remand of the case to the state court.

534

The defendant P. C. Jenkins is clearly a necessary party to this action for the enforcement of the liens against his property. His failure to join in the petition for removal is fatal to the removal proceedings.

For the reasons indicated, this case should be remanded to the state court. Let an order be entered in conformity herewith.