## HILLIS v. RICE et al.
### No. 25.

District Court, E. D. Missouri, E. D.

Jan. 3, 1939.

Eagleton, Waechter, Yost, Elam & Clark, by Mark D. Eagleton, of St. Louis, Mo., for plaintiff.

Kenneth Teasdale, David V. Campbell, and Edward J. McCarty, all of St. Louis, Mo., for defendants.

COLLET, District Judge.

The petition alleges: On February 4, 1938, Lillian B. Hillis was riding in an automobile driven by Carrie Allen Rice. The Rice car collided with an automobile operated by Louis E. Koontz for the Home

814

Owners Loan Corporation. It is charged that both automobiles were operated negligently and that as a direct result thereof plaintiff was injured. The amount claimed is $15,000. Plaintiff is a resident of Missouri and brought this action against defendants Rice and Koontz in the State court. Later, by amendment, the defendant H. O. L. C. was joined as a defendant and the representative capacity of defendant Koontz alleged. The cause was removed to this court by defendant H. O. L. C., the defendants Rice and Koontz not joining in the petition therefor. Plaintiff thereafter filed motion to remand. In briefs filed by counsel it is stated that defendant Rice refused to join in the application for removal.

The application for removal was based on an alleged severability of the cause of action stated against defendant H. O. L. C. and upon the further ground that the action arises under the laws of the United States, Sec. 41, Title 28 U.S.C.A. Except in so far as the question of severability is involved in determining removability upon the ground that the action arises under the laws of the United States, the former ground for the asserted jurisdiction of this court is abandoned.

It is asserted that the H. O. L. C., being an administrative agency of the Government, may not be sued in tort actions without the consent of the Government. Plaintiff contends such consent has been given. This the H. O. L. C. denies and argues that a proper construction of the Act of Congress creating it negatives the existence of such consent. It is because of the necessity for a construction of this Act of Congress that the action is said to arise "under the laws of the United States."

Plaintiff relies upon the general proposition that all parties defendants to a cause of action must join in the application for removal. She insists that the cause of action stated against defendants Rice and the H. O. L. C. is joint and not severable and since defendant Rice does not join in the removal petition the cause must be remanded.

Defendant has filed in this court a motion to dismiss predicated upon the ground it may not be sued in actions of this kind. That motion must be put aside until jurisdiction is first determined.

There can be no serious doubt that the liability of the defendant H. O. L. C. depends upon the construction to be placed on the Act of Congress which created that Governmental agency. Therefore, this court has jurisdiction upon the ground that the action arises under the laws of the United States unless, as plaintiff contends, it is a necessary prerequisite to such jurisdiction that defendant Rice join in the application for removal. It is necessary that she join in that application unless the action stated against her and against the defendant H. O. L. C. are separate and independent actions. See Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055, hereafter referred to. It is separate or joint dependent upon whether the defense interposed by the H. O. L. C. to the effect it may not be sued makes it separate. The general rule is that separate and different defenses available to different defendants will not alone make the action severable as to those defendants. Since the alleged non-liability of the H. O. L. C. is a matter of pure defense, the general rule applies and this cause is not made separable by the interposition of this defense.

Mitchell v. Smale, 140 U.S. 406, 11 S.Ct. 819, 35 L.Ed. 442, is cited as authority supporting the contention that only one of several defendants to a single cause of action may remove the cause when the ground for removal is that the action arises under the laws of the United States. Mitchell v. Smale, supra, appears to support that theory. See Seattle & M. Ry. Co. v. State of Washington, C.C. Wash., 52 F. 594. But in Chicago, Rock Island & Pacific Ry. Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055, the Supreme Court had before it this identical question. It quoted with approval the following from the case of Torrence v. Shedd, 144 U. S. 527, 12 S.Ct. 726, 36 L.Ed. 528: " 'Separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is for all the

purposes of the suit, whatever the plaintiff declares it to be in his pleadings.' " [page 855.]

Reverting to the facts and issues in the Martin Case the Court said: "There was no separable controversy here. The case presented a joint cause of action against all the defendants, and, indeed, the removal was applied for on the ground that the suit arose under the Constitution and laws of the United States. It therefore came within the first clause of the section quoted, and if the same rule governs proceedings under that clause that obtains in respect of the second clause, the judgment of the supreme court of Kansas must be affirmed. And in view of the language of the statute we think the proper conclusion is that all the defendants must join in the application under either clause."

In the same opinion, referring to the Mitchell Case, the Court said:

"Mitchell v. Smale, 140 U.S. 406, 11 S. Ct. 819, 35 L.Ed. 442, is, however, justly pressed on our attention as of weight in the disposition of the particular question raised in this case.

"* * * In view of that defense [in the Mitchell Case] the jurisdiction was sustained apparently on the ground that there was a separable controversy, and the particular terms of the different clauses of the statute were really not discussed.

"The case was a peculiar one, and we must decline to allow it to control the determination of that before us."

Landers v. Felton, C.C. Ky., 73 F. 311, is cited in support of the jurisdiction of this court. The question now involved was presented in that case but the court apparently based the result it reached upon the theory that a joint cause of action arose by virtue of a law of the United States. Whatever may be said as to the correctness of the result reached in the Landers Case in view of the ruling in the Martin Case, the grounds upon which the Court's conclusion was based in the Landers Case distinguishes that case from the case at bar. In the present case the joint cause of action certainly did not arise under any law of the United States but arose under rules of common law or local statutory negligence. It is the defense here that patently arises under the laws of the United States.

In the case of Lund v. Chicago, R. I. & P. Ry. Co., C.C. Neb., 78 F. 385, likewise cited by defendant the conclusion reached is based upon the same considerations which controlled in the Landers Case. For the same reasons that the Landers Case is not authority in the case at bar, the Lund Case cannot be given controlling effect.

The statement appearing in State Improvement-Development Co. v. Leininger, D.C.N.D.Cal., 226 F. 884, 888: "Nor was it necessary that his codefendant unite with him to entitle Leininger to remove the cause here. It is not a case involving diversity of citizenship as the ground for removal, but the existence of a federal question", is obviously in conflict with the opinion of the Supreme Court in Chicago, Rock Island & P. Ry. Co. v. Martin, supra.

In Henson v. Eichorn, 24 F.Supp. 842, decided March 24, 1938, by the District Court for the Eastern District of Illinois, no motion to remand was filed and the cause was submitted to the Court upon motion to dismiss based upon the absence of amenability of the H. O. L. C. to actions arising in tort. The situation in that case and the one here is entirely different for that reason.

In view of defendants' earnest argument that Chicago, R. I. & P. Ry. Co. v. Martin, supra, is not controlling because that case was determined upon the finding that no federal question was actually involved, this further reference to that case is apropos: "Whatever the rights of the receivers to remove the cause if they had been sued alone, the controversy was not a separable controversy within the intent and meaning of the act. This being so, the case came solely within the first clause of the section, and we are of the opinion that it was not intended by Congress that under such circumstances, there should be any difference between the rule applied under the 1st and the 2d clauses of section 2 of the Act of 1887-8".

The above quoted language leaves no room for doubt on this question. See also Town of Fairfax, Okla. v. Ashbrook, D.C., 3 F.Supp. 345, Belcher v. Aetna Life Ins. Co. et al., D.C., 3 F.Supp. 809, City of Corbin v. Varden, D.C., 18 F.Supp. 531.

For the reasons stated, this cause will be remanded by appropriate order.

The motion to dismiss is not determined.