## BRASWELL v. McGOWAN et al.

No. 78.

District Court, W. D. Texas, El Paso Division.

April 24, 1940.

Brown & Brooke, of El Paso, Tex., for plaintiff.

Armstrong & Jaffe, of El Paso, Tex., for defendants.

BOYNTON, District Judge.

In the case at bar there exists no diversity of citizenship. Plaintiff and defendants all alleged citizens of the State of Texas. Removal is sought, only, on the ground of existence of a Federal question as in defendants' petition for removal alleged.

No case is removable from a State Court to a United States District Court, on grounds of existence of a Federal question, unless the plaintiff's petition or bill shows by distinct averments that his cause of action, as distinguished from a defense thereto, is based upon a right under the Constitution and laws of the United States, or treaties made under their authority. Secs. 41 (1) (a), 71, 28 U.S.C.A.

A suit does not arise under the Constitution or laws of the United States unless it really and substantially involves a dispute or controversy as to the effect or construction of the Constitution, or some statute or law of the United States, upon the determination of which the result depends and which appears on the record by a statement or averment, in plaintiff's petition in legal and logical form.

A suit only arises under the Constitution and laws of the United States within the meaning of Sec. 41 (1) (a), 28 U.S.C.A. conferring jurisdiction in a United States District Court when the plaintiff's statement of his own cause of action as in his petition or bill averred shows that it arises under the Constitution or some law of the United States; and involves and is dependent upon the construction of some portion of the Constitution, a statute or some law of the United States. It is not enough that a defendant may base a defense thereon.

Further, it is held, that while a defendant in a State Court may set up a defense based on Federal rights which will, if denied, entitle him ultimately to have the decision reviewed by the Supreme Court of the United States if the Federal question does not appear in plaintiff's statement of cause of action, yet such case is not removable from a State Court to a United States District Court.

To present a Federal question conferring jurisdiction in a United States District Court averments of pleading must be positive, appear not by inference, but direct averments, and the essential facts averred must show clearly and distinctly that the suit arises and is based on some Federal law.

The test to be applied to a plaintiff's statement of his cause of action in order to determine whether a Federal question is involved, is stated by the Supreme Court in St. Joseph & Grand Island Railroad Co. v. R. M. Steele, 167 U.S. 659, 17 S.Ct. 925, 926, 42 L.Ed. 315, as follows: "Not every mere allegation of the existence of a Federal question in a controversy will suffice for that purpose. There must be a real substantive question, on which the case may be made to turn. Nor can jurisdiction be inferred argumentatively from the averments in the pleadings but the averments should be positive." Hanford v. Davies, 163 U.S. 273, 16 S.Ct. 1051, 41 L.Ed. 157.

To give a Federal Court jurisdiction on the ground a Federal question is involved, there must be "a federal question not in mere form, but in substance, and not in mere assertion, but in essence and effect." Ray et al. v. Marion County, Fla., 5 Cir., 1934, 71 F.2d 509, 510.

An examination and analysis of plaintiff's petition and bill, and construction of averments therein contained, fails to disclose that same arises under the Constitution or laws of the United States, involving construction of the Constitution or any

statute or laws of the United States. 41 (1) (a), 28 U.S.C.A.

In said petition or bill filed by plaintiff in the State District Court of El Paso County, Texas, plaintiff alleges he is the owner and operator of a motor truck freight line known as Braswell Motor Freight Lines of El Paso, Texas, having its principal office and place of business in the City of El Paso, and engaged as a common carrier of freight for hire between El Paso, Texas, and Dallas, Texas, and El Paso, Texas, and San Antonio, Texas, operating under the rules of the Interstate Commerce Commission, and is engaged in handling interstate shipments, and that defendants are engaged in picketing his place of business in El Paso, Texas, interfering with his employees in carrying on such business and preventing receipt of freight by him from other connecting carriers or delivering freight to such other connecting carriers in due course, and harassing and injuring plaintiff in his business, etc., in violation of Art. 7426, and other articles of the Revised Statutes of Texas, and seeking issuance of injunction against such acts and remedy or remedies existing by virtue of Laws of the State of Texas.

Such allegations, the Court holds, do not constitute proceedings arising under any law regulating commerce. Sec. 41 (8), 28 U.S.C.A. Plaintiff does not allege averments constituting violation of the Sherman Anti-Trust, 15 U.S.C.A. §§ 1-7, 15 note, or Clayton Act, 38 Stat. 730, of the United States or arising under and by virtue of the Norris-LaGuardia Act, 29 U.S.C.A. 101–115, or the Wagner Labor Relations Act, 29 U.S.C.A. Secs. 151–166, or any other statute or law of the United States, but merely for relief against the unlawful acts of defendants alleged as violative of his rights and harmful to his business under and by virtue of the Laws of the State of Texas.

It is a fundamental proposition of law, universally held, in determining question as to whether a case is removable from a State District Court to the United States District Court, that plaintiff bringing a cause of action may make his own selection of the Court or forum in which to file his suit, if such Court has jurisdiction of his cause of action, and in his pleadings may join such persons or parties as he may choose and aver his action as he may elect. The plaintiff in this action filed his suit in the State District Court of El Paso County,

Texas, seeking remedy and relief against defendants under the Laws of the State of Texas, as in his petition and bill averred, and there being no diversity of citizenship same is not subject to removal unless plaintiff in his pleadings shows and avers existence of a Federal question, on which he bases his cause of action, and involving a right under the Constitution of the United States, involving construction of same or some statute or law of the United States. This the Court holds plaintiff has not done by any averments or allegations in his petition and bill contained, or as susceptible of such construction.

There is no question in this Court's mind as to a State District Court having jurisdiction of this cause of action, and this Court does not hold the cause properly removable to this Court. Hence order will be entered herein sustaining plaintiff's motion to remand this case to the State District Court of El Paso County, Texas, from which removed.