### STEWART v. HICKMAN et al.

No. 699.

District Court, W. D. Missouri, W. D.

Jan. 3, 1941.

On Rehearing Jan. 8, 1941.

Joseph N. Miniace, of Kansas City, for plaintiff.

Langworthy & Matz, H. M. Langworthy, Carl D. Matz, and Wm. H. Hoffstot, Jr., all of Kansas City, Mo., for defendant.

REEVES, District Judge.

This case was removed from a state court. Although both parties concede the jurisdiction of the federal court, nevertheless such jurisdiction should be questioned. The suit is for damages under the Fair Labor Standards Act. The aggregate amount sued for is $2,192.06. Section 16, subsection (b), of the act, being Section 216(b), Title 29 U.S.C.A., provides that: "(b) Any employer who violates the provisions of section 206 or section 207 of this chapter shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. * * * The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

The plaintiff in this case claims $846.03 for overtime and an equal amount as liquidated damages and $500 attorney's fee.

Said Section 16, subsection (b), of the act specifically covers the subject of juris-

diction as follows: "Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated."

By this enactment jurisdiction was specifically conferred upon the state as well as the federal courts. Whether it was the purpose of the Congress to confer original jurisdiction upon the federal courts without regard to the amount in controversy need not be decided. It is sufficient to say that the state court from which the action was removed was given original jurisdiction by the act.

Similarly many years ago in providing liability for injuries to the employees of railroads the Congress conferred jurisdiction upon the courts of the several states to determine questions arising under the act. It was there, however, specifically provided that "no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." Section 56, Chapter 2, Title 45 U.S.C.A.

The prohibition against removal under the Railway Employers Liability Act undoubtedly was aimed at those cases where there was a diversity of citizenship and the amount in controversy was more than $3,000. Moreover, that act was just as effectively under Section 41, paragraph 8, Title 28 U.S.C.A., as the present action.

2. The question of a requisite amount to give jurisdiction in a similar proceeding was before Judge Taylor of the Eastern District of Tennessee. He construed said subsection (8) of Section 41, Title 28 U.S.C.A., in Robertson v. Argus Hosiery Mills, D.C., 32 F.Supp. 19. He used the following language which was justified from the authorities (32 F.Supp. loc. cit. 20): "It must be noted that Subsection (8) confers jurisdiction in cases arising under laws regulating commerce, and I think the cause of action must be shown to bear some reasonable relation to the regulatory provisions relied upon before jurisdiction would follow under this section."

Being of the opinion that, (a) the state court had jurisdiction and that the case was not subject to removal, and (b) that the federal court had no jurisdiction, the case should be remanded to the state court from which it was removed. It is so ordered.

On Motion for Rehearing.

Able and zealous counsel have earnestly urged a reconsideration of my opinion wherein I held the above case should be remanded to the state court from which it was removed.

Numerous opinions written by district judges have been cited as holding a view far different from mine. These have been examined but are not convincing.

This cause was removed upon the theory that a federal question is involved. Such theory was predicated upon the language of paragraph numbered (8) of Section 41, Title 28 U.S.C.A., relating to the general subject of original jurisdiction of federal courts. The language of the paragraph is as follows: "Eighth. Of all suits and proceedings arising under any law regulating commerce."

It may be conceded for the purposes of this opinion that the Fair Labor Standards Act springs from the power of the Congress to regulate commerce among the states, etc. And it may be further conceded that the federal court would have had original jurisdiction if the suit had been filed there. (I do not believe it to be the law.) This, however, is a removal case and it is necessary to look to the removal statute, being Section 71, Title 28 U.S.C.A. The grounds upon which the removal of a case from a state to a federal court may be had are there set out. These are, (1) a federal question, (2) a diversity of citizenship, etc. Since there is no diversity of citizenship in this case, we look to the provision relating to a federal question. The language of the statute is: "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, * * * of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district." As stated in my original opinion, the state court was by congressional act vested with jurisdiction. If, therefore, the national court had original jurisdiction, then removal might be had if the suit be one "arising under the Constitution or laws of the United States."

It is important to know how the courts have construed this provision of the

law. In Western Union Telegraph Company v. Ann Arbor Railroad Co., 178 U.S. 239, 20 S.Ct. 867, 869, 44 L.Ed. 1052, the Supreme Court said: "When a suit does not really and substantially involve a *dispute or controversy* as to the effect or construction of the Constitution or laws of the United States, upon the determination of which the result depends, it is not a suit arising under the Constitution or laws."

Again, in Devine v. Los Angeles, 202 U.S. 313, 26 S.Ct. 652, 657, 50 L.Ed. 1046, the Supreme Court said: "There being no diversity of citizenship, the jurisdiction of the Circuit Court could only be maintained upon the ground that the suit arose under the Constitution or laws * * * of the United States, and a suit does not so *arise unless it really and substantially involves a dispute or controversy as to the effect or construction of the Constitution or some law or treaty of the United States, upon the determination of which the result depends.* And this must appear from the plaintiff's statement of his own claim, and cannot be aided by allegations as to the defenses which might be interposed."

In the case of Arkansas v. Kansas & Texas Coal Co., 183 U.S. 185, 22 S.Ct. 47, 48, 46 L.Ed. 144, the Supreme Court had a similar question and used this language: "Hence it has been settled that a case cannot be removed from a state court into the circuit court of the United States on the sole ground that it is one arising under the Constitution, laws, or treaties of the United States, unless that appears by plaintiff's statement of his own claim; and if it does not so appear, the want of it cannot be supplied by any statement of the petition for removal or in the subsequent pleadings. And, moreover, that jurisdiction is not conferred by allegations that defendant intends to assert a defense based on the Constitution or a law or treaty of the United States, or under statutes of the United States or of a state, in conflict with the Constitution."

In the District Court for the Eastern District of Kentucky, in City of Corbin v. Varden, 18 F.Supp. 531, loc. cit. 533, the judge pointed out the distinction between the rights growing out of an original suit filed in the federal court and a suit removed from a state court. He quoted from the case of Dubuclet v. Louisiana, 103 U.S. 550, loc. cit. 553, 26 L.Ed. 504, as follows: " 'It is one thing to have the right to sue in the courts of the United States, and another to transfer to that jurisdiction a suit lawfully begun in a State court.' " Judge Ford expressed the law as gleaned from the authorities when he said: "The statutory phrase 'arising under the Constitution or laws of the United States' seems clearly to imply that the federal question presented shall be substantial and shall bear more than an inconsequential relation to the issues." In that opinion reference was made to the case of Connolly v. First National Bank-Detroit, 86 F.2d 683, 685, where the Sixth Circuit Court of Appeals through Judge Hicks, C. J., said: " 'In cases of this nature where jurisdiction depends upon the suit's arising under the laws of the United States, i. e., under title 28, § 41, subd. (16) * * * or under any other "laws of the United States" * * * we are unauthorized to go beyond the declaration in determining whether it exists.' " Judge Hicks quoted approvingly from Bankers' Mut. Casualty Company v. Minneapolis, St. Paul, etc., Ry. Co., 192 U.S. 371, loc. cit. 381, 24 S.Ct. 325, loc. cit. 328, 48 L.Ed. 484, as follows: " 'But it is contended that jurisdiction also rested on the ground that the case arose under the Constitution or laws of the United States, and that must be tested by the settled rule that a suit does not so arise unless it really and substantially involves a dispute or controversy as to the effect or construction of the Constitution or some law or treaty of the United States, upon the determination of which the result depends, and which appears on the record by plaintiff's own statement of his case in legal and logical form, such as is required in good pleading.' "

An almost identical question was presented to Judge Boynton of the Western District of Texas in Braswell v. McGowan et al., D.C., 32 F.Supp. 678. The matters there in controversy arose under said paragraph (8) of Section 41, Title 28 U.S.C.A. Judge Boynton aptly stated and followed the law as set out above.

Section 216, Title 29 U.S.C.A., relating to the subject of Labor, accords to the employee, in case the employer has violated the act, the right to bring his action to recover a statutory liability and such action "may be maintained in any court of competent jurisdiction."

█ "Competent Jurisdiction" signifies "a court of general jurisdiction, whether federal, state or territorial."

█ This suit was brought in a court of competent jurisdiction and as the statute

is plain and simple no construction or interpretation is called for which might differ from the plain words of the statute. The declaration or petition of the plaintiff does not contain such substance as to suggest a controversy. It would be illogical for the Congress to confer jurisdiction only to be ousted without cause.

Under the authorities the case was not removable even though the federal court may have had original jurisdiction of the same subject (which it had not).

It is unnecessary to decide whether the federal court might have had original jurisdiction of this suit. Competent jurisdiction of the federal court ordinarily means that the amount in controversy must exceed $3,000 and that there must be a federal question or a diversity of citizenship.

If subparagraph (8) is an exception, then such exception must be reasonably confined to acute regulatory matters and should not extend to a right created under Congressional authority and only remotely affecting the subject of regulation.

The original memorandum in this case appears to me to be correct and should be adhered to.