**MORRIS v. ARGO–COLLIER TRUCK LINE et al.**

Civ. No. 100.

District Court, W. D. Kentucky.

July 2, 1941.

F. B. Martin, of Mayfield, Ky., for plaintiff.

Finley F. Gibson, Jr., of Louisville, Ky., for defendants Collier & Weldon.

MILLER, District Judge.

The plaintiff, administratrix of the estate of Jim Morris, deceased, brought this action against the defendants Ruben Collier, and Clifford Weldon, doing business as the Argo-Collier Truck Lines, Isham Brooks and Bill Higgs to recover damages in the amount of $17,850 for injury to property and for the death of Jim Morris resulting from an automobile accident in Graves County, Kentucky. The petition alleges that the accident was caused by the negligent operation of a truck by Higgs as the employee of the partnership. The truck was owned by Brooks, who was a resident of Illinois, and was being operated under a lease contract from Brooks to the partnership. The partners Collier and Weldon, and also Higgs, the operator of the truck, were residents of Tennessee. The plaintiff is a resident of Kentucky. The defendants Collier and Weldon filed their petition for removal to the U. S. District Court which was sustained by the order of the Graves Circuit Court. The plaintiff has moved that the action be remanded to the State Court on the ground that no separate controversy exists between the plaintiff and any one of the four defendants, and that it is accordingly necessary in order to remove the action to the Federal Court that all of the defendants join in the petition for removal. The defendants Brooks and Higgs did not join in the petition.

The rule is well settled that where a State Court action against several defendants is subject to removal all the defendants who are necessary parties must join in the removal proceedings, if the action presents a nonseparable controversy as to all of the defendants. Chicago, Rock Island & Pacific Ry. Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; Gableman v. Peoria, Decatur & Evansville Ry. Co., 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220; Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; Bailen v. Deitrick, 1 Cir., 84 F.2d 375; Belcher v. Aetna Life Ins. Co., D.C.W.D. Tex., 3 F.Supp. 809; Hillis v. Rice, D.C.E.D.Mo., 25 F.Supp. 813. In a tort action of this nature no separable controversy exists between the plaintiff and any of the defendants. Gableman v. Peoria, Decatur & Evansville Ry. Co. supra; Pullman Co. v. Jenkins, supra. This rule does not apply where there is a nonseparable controversy with respect to several nonresident defendants, and the defendants who do not join in the petition for removal have not been served with process and have not entered their appearance to the action. Under these conditions the nonresident defendants who are not before the court can be disregarded and the cause can be removed if a petition for removal is joined in by all the defendants before the Court. Hunt v. Pearce, 8 Cir., 284 F. 321; Pullman Co. v. Jenkins, 305 U.S. 534, at page 540, 59 S.Ct. 347, 83 L.Ed. 334. It is therefore necessary to apply these well-settled rules to the facts of this case in order to determine whether or not the action was properly removed to the United States District Court.

The plaintiff sought to acquire jurisdiction over the nonresident defendants by proceeding under Sections 12-1 and 12-2 of the Kentucky Statutes dealing with the use of highways in Kentucky by a

nonresident operator of a motor vehicle. These Sections of the statute provide in substance that any nonresident operator or owner of a motor vehicle who shall accept the privilege extended to such nonresidents of operating a motor vehicle within the Commonwealth of Kentucky shall by such acceptance and by the operation of the motor vehicle constitute the Secretary of State of Kentucky as his agent for the service of process in any civil suit instituted in the courts of Kentucky against such operator or owner arising out of any accident occurring within Kentucky. In such action the Clerk shall issue process against the defendant and direct it to the Sheriff of Franklin County, who shall execute it by delivering a true copy to the Secretary of State together with an attested copy of the petition. It shall then be the duty of the Secretary of State to write a letter to the defendant at the address given in the petition notifying him of the nature and pendency of the action and to enclose in the letter the summons and copy of the petition. The letter shall be sent by registered mail and the Secretary of State shall thereafter file with the Clerk of the Court a report of his action which shall include the copy of the letter and any answer thereto. This procedure was followed as to all four defendants. The report of the Secretary of State shows that the letters addressed to Collier and Weldon were delivered, but the letters addressed to Brooks and Higgs were not delivered, but were returned to the Secretary of State because of inability to locate the addressees. If all four of the defendants are before the Court, the motion to remand should be sustained; but if the nonresident defendants Brooks and Higgs are not before the Court the case was properly removed by the petition of the only two nonresidents who were before the Court. I find no decision from the Court of Appeals of Kentucky passing upon the effect of the failure of the Secretary of State to actually notify the nonresident defendant of the existence of the action against him where the procedure outlined by the statute has been correctly followed. The constitutionality of the statute was upheld in Hirsch v. Warren, 253 Ky. 62, 68 S.W.2d 767, in which case the Court held that due process of law was complied with if the statute contained a provision making it reasonably probable that notice of the suit would be communicated to the persons sued. This was the test previously approved by the United States Supreme Court in the case of Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230. See also Annotation in 99 A.L.R. beginning at page 130. Neither the Kentucky Court nor the Supreme Court held that it was necessary that notice be actually given to the nonresident defendant in order to make the statute constitutional, but both Courts held that such a statute was constitutional if it contained a provision making it reasonably probable that the notice would be communicated to the persons sued. Since such a provision satisfies the constitutional requirement of due process of law it would seem to be unnecessary that the Secretary of State actually succeed in notifying the the nonresident defendant provided all the details of the statute have been fully complied with. This also assumes that the plaintiff has stated in the petition the correct address of the nonresident defendant, and is not guilty of fraud or bad faith in any way, which requirements are laid down by the Kentucky Court of Appeals in Hirsch v. Warren, supra. In the present action there is nothing to show that these requirements have not been complied with. The Kentucky statute specifically provides that the Secretary of State is made the agent of the nonresident motorist for the service of process, and that the Sheriff shall execute the process by delivering a true copy thereof to the Secretary of State. If the process is executed upon the defendant's agent, designated for that particular purpose, jurisdiction would seem to be obtained regardless of the results of the actions of the Secretary of State thereafter who performs the duties imposed upon him by the Statute. Under similar circumstances the Court of Appeals of Kentucky has held that the failure of the designated agent for the service of process to notify a nonresident defendant of the pendency of an action against him does not deprive the Court of jurisdiction to render a valid judgment in personam. Reese. Lumber Co. v. Licking Coal & Lumber Co., 156 Ky. 723, 161 S.W. 1124. Accordingly, I am of the opinion that the non-resident defendants Brooks and Higgs are before the Court by virtue of the proceedings under Sections 12-1 and 12-2 of the Kentucky Statutes. It follows that their failure to join in the petition for removal is fatal to the granting of that relief.

The plaintiff's motion to remand the action to the State Court is sustained.