In the Matter of the Application of TRANSIT COMMISSION, Being the METROPOLITAN DIVISION OF THE DEPARTMENT OF PUBLIC SERVICE, Petitioner, against THE LONG ISLAND RAIL ROAD COMPANY and Others, Respondents.

Supreme Court, Special Term, New York County, February 7, 1942.

· *George H. Stover* [*Philip Hodes* of counsel], for the petitioner.

*Martin Conboy,* for the respondents.

*John J. Bennett, Jr., Attorney-General* [*Howard F. R. Mulligan* and *Joseph Mefara, Assistant Attorneys-General,* of counsel], for the State of New York.

EDER, J. Respondents apply for the removal of the above-entitled proceeding from this court to the United States District Court for the Southern District of New York upon the ground that · the proceeding herein is one arising under the laws of the United States in that the propriety and effect of an order of the Interstate Commerce Commission is drawn into question. (U. S. Code, tit. 28, § 71.)

The summary proceeding herein which it is sought to remove to the Federal court was instituted by the Transit Commission under the authority of section 57 of the New York State Public Service Law. The gravamen of the petition upon which relief is sought in said proceeding by the Transit Commission is that the respondents have threatened and propose to demand, charge and collect rates of fares for transportation of passengers wholly within the city of New York in violation of the laws of the State of New York, and particularly in violation of section 29 of said Public Service Law, and an injunction is sought in said summary proceeding to enjoin and restrain the respondents from violating or attempting to violate the provisions of the mentioned State statute. The proceeding is predicated and the injunctive relief sought solely on the allegation that the respondents have violated and threaten to violate the State law; that is the basic allegation of the petition and cause of action set out therein; no relief is sought by virtue of any Federal law; the Transit Commission, in brief, charges the respondents with violating and attempting to continue to violate the State law and seeks to enjoin the respondents from doing so.

Merely as an explanatory allegation, entirely unnecessary to the cause of action, and which might just as well have been dispensed with as surplusage, and apparently by way of anticipating the probable defense of the respondents for their action, it is alleged in said petition by said Transit Commission that the respondents'

action is predicated upon the approval thereof by the Interstate Commerce Commission.

The presence of such an unnecessary allegation does not thereby transmogrify the summary proceeding into an action or suit within the meaning of the Removal of Causes Act; the mentioned explanatory allegation in the petition goes beyond the necessary statement of the petitioner's cause of action as set forth in the petition and cannot operate to establish a case arising " under the Constitution or laws of the United States."

The applicable tests to determine when a case arises under the removal statute are clearly set forth and the whole subject fully analyzed in *Gully* v. *First National Bank* (299 U. S. 109 [1936]. See, also, *Stewart* v. *Hickman,* 36 F. Supp. 861 [1941].) It will serve no useful purpose to dilate upon matters now so firmly established with relation to this subject, and particularly where it has been passed upon and determined by a court of dernier resort. As said by CARDOZO, J., in the *Gully* case (*supra,* 115): " Not every question of Federal law emerging in a suit is proof that a Federal law is the *basis* of the suit." (Italics mine.)

The action which is brought in the State court must be founded, basically, upon either the National Constitution, or on a Federal law, and the result of the controversy must be wholly dependent upon and must necessarily involve a construction thereof. If the National Constitution or a Federal law is merely incidental, and is not the *basis* of the suit, then it is not a case arising under the Removal of Causes Act. That is the situation here.

Accordingly, the application to remove this proceeding to the Federal District Court is denied.