## MIZRAHI v. PANDORA FROCKS, Inc.
### No. 10038.

United States District Court
E. D. New York.
Oct. 10, 1949.

George F. Fishman, Brooklyn, N. Y., for plaintiff.

Blackman & Willner, New York City, for defendant.

INCH, Judge.

The complaint, filed June 17, 1949, seeks to recover unpaid overtime compensation pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b).

The answer, filed July 11, 1949, contains a general denial. As a seperate defense it is alleged that defendant corporation has its principal place of business in the Southern District and has never conducted business in the Eastern District. Therefore, it is alleged that this Court has no jurisdiction over the defendant.

After issue joined, plaintiff moved for an examination before trial. The motion was brought on before Judge Galston, who granted the motion. Plaintiff also sought, on the motion, to dismiss the affirmative defense. Judge Galston denied that phase of the motion. However, there is nothing in the papers before the Court to indicate that Judge Galston decided the point on the merits, because if it was on the merits the denial would be tantamount to a holding that the case was instituted in the wrong district.

By order to show cause, dated September 30, 1949, defendant moved for an order

directing summary judgment on the ground of improper venue.

Plaintiff, by way of affidavit, states that there is no reason for the dismissal because "it is your deponent's impression that an action may be brought in the District Court in which the plaintiff resides and that process thereunder may be served within the jurisdiction of any district court in the same state".

There is no question here concerning insufficiency of process or insufficiency of service of process. The defendant has answered, therefore the Court has jurisdiction of its person. The Court also has jurisdiction of the subject matter, 29 U.S.C.A. § 216. The only jurisdictional requirement under review is that of venue which is governed by new 28 U.S.C.A. § 1391.

Section 1391(a) deals solely with diversity which is not present here.

Section 1391(b) states that the action "may be brought only" in the judicial district where all the defendants reside, *"except as otherwise provided by law"*. (Italics supplied.)

Section 1391(c) provides that a corporation may be sued in any judicial district in which it is "incorporated or licensed to do business or is doing business * * *".

Under the above provisions, the venue is improperly laid in the case at bar unless the italicized exception of Section 1391(c) permits such an action to be brought in the district wherein the plaintiff resides.

Section 216 of Title 29 reads in part: "Action to recover such liability may be maintained *in any court of competent jurisdiction* by any one or more employees * * *".

■ The italicized portion has been held to mean that an action may be maintained in a court of general jurisdiction whether federal, state or territorial. In other words, it affords the plaintiff an election as to forum. Stewart v. Hickman, D. C., 36 F.Supp. 861; Booth v. Montgomery Ward & Co., D. C., 44 F.Supp. 451; Donahue v. Susquehanna Collieries Co., 3 Cir., 138 F.2d 3, 149 A.L.R. 271. There seems to be no doubt that that language was not in-tended to broaden the scope of the aforementioned venue provisions.

■ The motion should be granted. See Martin v. Lain Oil & Gas Co., D. C., 36 F.Supp. 252.

■ As previously pointed out, the defense was set up in the answer. Therefore, it was timely. Federal Rules of Civil Procedure, rule 12, 28 U.S.C.A.

Settle order.