THE COMMONWEALTH OF PUERTO RICO, on the relation of PETER LEKTRICH, Relator and Appellee, *v.* VICENTE M. YDRACH, Respondent and Appellant.

No. 11094.    Argued July 2, 1954.—Decided August 3, 1954.

*Charles R. Hartzell* and *Rafael O. Fernández* for appellant. *José Trías Monge, Attorney General,* and *J. B. Fernández Badillo, Assistant Attorney General,* for the Commonwealth. *Enrique Báez García* and *Amador Ramírez Silva* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

The Commonwealth of Puerto Rico, on the relation of Peter Lektrich, filed a quo warranto proceeding in the

Mayagüez Part of the Superior Court against Vicente M. Ydrach, urging the separation and ouster of Ydrach from the office of director or member of the Board of Directors of the Cervecería Real, Inc., a domestic corporation, which he held at the time the action was filed, on the ground that he was illegally discharging that office. Ydrach filed a motion for a change of venue to the San Juan Part of the Superior Court, because his residence was in San Juan. The Mayagüez Court entered an order dismissing that motion. Ydrach appealed from that order to this Court.

Before the enactment of Act No. 47, approved August 7, 1935 (Spec. Sess. Laws, p. 530) the respondent in a quo warranto proceeding had the right to the transfer of the case to the court (then district court) of the place of his residence (*Toro* v. *District Court of San Juan*, 30 P.R.R. 501; *Wilson* v. *District Court of San Juan*, 30 P.R.R. 516). Before the Act was passed, § 2 of the Act establishing quo warranto proceedings (Act of March 1, 1902, § 2, which is equivalent to § 641 of the Code of Civil Procedure), provided that, in cases such as the one at bar, "the Attorney General or any fiscal of the respective district courts, either of his own accord or at the instance of any individual relator, may present a petition to the district court of competent jurisdiction for leave to file an information in the nature of quo warranto." The meaning of the term "court of competent jurisdiction" might lend itself to doubt (8 *Words and Phrases, Permanent Edition*, p. 356; 3A *Words and Phrases* 106, 107; 10 *Words and Phrases* 259), the tendency being to identify that term as signifying a court of general jurisdiction, with authority conferred upon it by law to act in the particular matter, and that such term does not include or exclude any court but leaves to determination elsewhere the question of competent jurisdiction. (*Mizrahi* v. *Pandora Frocks*, 86 F. Supp. 958; *Ex parte Justus*, 104 Pac. 933; *Ex parte Plaistridge*, 173 Pac. 646; *Am. Distilling Co.* v. *Brown*, 64 N. E.

2d 347). In any case, the provision in question of the Quo Warranto Act did not specify the venue where the trial was to be held, and therefore, according to the ruling of this Court announced in the cases *supra*, § 81 of the Code of Civil Procedure, which provides that in all other cases not mentioned in §§ 75 to 80 (quo warranto is not mentioned in those sections) the action must be tried in the district in which the defendant resides, was controlling.

Act No. 47 of August 7, 1935, which governs the case at bar, amended § 2 of an Act establishing quo warranto proceedings, one of the amendments consisting of the provision that "the Attorney General or any prosecuting attorney of the respective district court, either on his own initiative or at the instance of another person, *may file before any district court of Puerto Rico* a petition for an information in the nature of *Quo Warranto* in the name of The People of Puerto Rico." (Italics ours.) Let us compare it again with the former provision: "may present a petition to the district court of competent jurisdiction."

We have been unable to find any data in the legislative history of Act No. 47 to guide us in ascertaining the particular purpose which the legislature had in mind in amending § 2 of the Quo Warranto Act in the manner aforesaid. The scope of that amendment must be inferred from the very terms of Act No. 47. It is to be noted, in the first place, that the former provision referred to *the* district court of competent jurisdiction, while the amendment refers to *any* district court which the Attorney General or prosecuting attorney may select, thereby eliminating the concept of *the* court of competent jurisdiction. Heretofore the proceeding was filed in a particular court having competent jurisdiction. Under Act No. 47, the proceeding may be filed in any district court which petitioner may select. Therefore, the venue must be the place chosen by the Attorney General or the corresponding prosecuting attorney, in the instant case the Mayagüez Part of the Superior Court, without

respondent being entitled to the transfer of the case to the place of his residence. In other words, we believe that by providing in Act No. 47 that the "Attorney General" may file a petition before any "district court," the legislative intent, although inadequately expressed, was that the action should be heard in the court selected by the present Attorney General. We say that the legislative intent was inadequately expressed because the amendment reads literally that the case may be "filed," and it is not provided that the case may be "heard" in any district court. In construing the amendment literally, appellant herein contends that it merely vests the Attorney General with power to file the petition in any district court, and that the fact that he has power merely to file the petition in any court does not imply that the case must be heard in such court, such power to file being subject to the defendant's right to obtain the transfer of the action to the place where he resides. However, even before the enactment of Act No. 47, and even under the provisions of the original § 2 of the Quo Warranto Act, the Attorney General could *file* the complaint in any district court subject to defendant's right to move for a change of venue, and if such transfer is not properly requested, the action could be heard in the court where it was filed, although it was not defendant's place of residence. *People ex rel Rodríguez* v. *Blanco*, 50 P.R.R. 567; *Hernáiz, Targa & Co.* v. *Vivas*, 20 P.R.R. 99, and see § 82 of the Code of Civil Procedure of Puerto Rico, which provides that, "If the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears . . ." properly moves for a change of venue. We must not presume that in amending § 2 the legislator's intent was to restate the prevailing rule. On the contrary, a change in the language and phraseology of a statute by amendment raises the presumption that the legislator intended to enact a new rule, to reach certain results and effect some purposes, to establish changes, and

42

to depart from the principles which governed under the amended statute. (50 Am. Jur. 261, 262, § 275; 45 Am. Jur. 814, § 11, as respects laws dealing with change of venue). The presumption is that a change in the phraseology of a statute is of controlling significance. (*Shamrock Oil Corp.* v. *Sheets*, 313 U. S. 100, 106, 107, which dealt with a change of venue statute). We must avoid a construction of a statute which will imply a needless repetition of prior concepts. (50 Am. Jur. 364, 365, § 359.) It should not be presumed that in amending § 2 the legislator had in mind the repetition of the prior rule. The amendment should not be literally construed if it suggests that the legislator has made a futile attempt. The most correct interpretation would be that, in amending § 2 by means of the Quo Warranto Act, the legislator intended to change the prevailing rule as to the place of the trial, and that, in providing that the "Attorney General", may *file* the petition in any district court, the presumption is raised that the case must be tried in the court which the Attorney General selects, irrespective of defendant's residence.

There is a further consideration which strengthens the interpretation which we have adopted. The main purpose of Act No. 47 of August 7, 1935 was to vest the Supreme Court with original jurisdiction in cases involving corporations which violate the provisions of our former Organic Act. However, both under the old § 2 of the Quo Warranto Act and Act No. 47, the former district courts had jurisdiction to take cognizance of quo warranto proceedings against a corporation which "does or omits any act which amounts to a surrender or forfeiture of its rights and privileges as a corporation, or exercises rights not conferred by law." Congruous to the essential purpose of rendering more effective the governmental action with respect to such corporations, the legislator might have intended to designate as the place of trial the district court chosen formerly by the Attorney General, and that the corporation should have no right to

a change of venue. The case under consideration does not involve a corporation as such, but it falls under § 2 and is covered by the provision that the "Attorney General" may file the petition in any district court. In other words, the analogous provision relating to corporations tends in itself to show that in using the term "to file," the intent of the legislator was that the action should be heard in the district court selected by the Attorney General.

■ It is true that the right of a defendant to have his case heard in the place of his residence is a valuable right of which the defendant can not be deprived unless the legislator so provides. (*Usera* v. *Luce & Co.*, 58 P.R.R. 291). However, in the instant case Act No. 47 expressly establishes an exception to that general rule.

Incidentally, the Judiciary Act (Act No. 11 of July 24, 1952, Spec. Sess. Laws, p. 30), does not alter the situation in the instant case, since under § 10 actions shall be filed in the part of the court held at the place where they should have been filed under the legislation heretofore in force, except by agreement of the parties and consent of the judge.

The order appealed from will be affirmed.

Mr. Justice Sifre concurs in the result.

Mr. Justice Belaval did not participate herein.