HERBERT B. SHURTLEFF *vs.* ANNIE REDLON, Executrix.

Cumberland.    Opinion March 19, 1912.

*Nonsuit.    Executors and Administrators.    Claims Against Estate.    Actions.*
*Statutes, 1859, chapter 115.    Revised Statutes, chapter 66, section*
*54; chapter 68, section 19; chapter 84, section 146; chapter*
*89, sections 4, 6, 9, 14; chapter 107, section 16.*

A motion to dismiss is properly denied, whatever be the merits or demerits of the action itself, when on the face of the writ appear neither defects nor defenses, and it will not be assumed that the court at *nisi prius* went beyond the scope of the motion, and attempted to decide questions which the motion did not properly raise.

Under Revised Statutes, chapter 66, section 54, relating to the appointment of commissioners to determine claims alleged to be exorbitant, unjust, or illegal, the claimant has not the option of either further maintaining a pending suit or submitting his claim to the commissioners, but must do the latter, and the report of the commissioners is final, saving the right of appeal.

The word "maintained," as used in section 54, chapter 66, Revised Statutes, means to prosecute to a conclusion an action already begun.

Under Revised Statutes, chapter 66, section 54, a claim is committed when service of notice of the application filed in the Probate Court by the executor or administrator is made upon the claimant.

On exceptions by plaintiff. Overruled.

Assumpsit on an account annexed against the defendant in her capacity as executrix, to recover the sum of $3345.15, "and was heard on demurrer to the defendant's brief statement filed with her plea of general issue." The presiding Justice overruled the demurrer and ordered judgment for the defendant and the plaintiff excepted. The ruling of the presiding Justice overruling the demurrer was as follows:

"Demurrer to defendant's brief statement, which serves the purpose of a plea in bar, and the statements in which are agreed to be true.

"The date of the writ is November 28, 1910, service on defendant, December 2, 1910. By the allegations in the brief statement, it appears that prior to the date of the writ, to wit: November 21, 1910, the defendant filed her petition in the Probate Court representing that the claim now sued was exorbitant, unjust or illegal, and praying for the appointment of commissioners in accordance with the statute. Notice was ordered for a hearing thereon December 7, 1910, and the notice was served on the plaintiff November 23, 1910. Commissioners were duly appointed, and after notice to the plaintiff, they met to hear and determine the claim and did so against the protest of the plaintiff. The commissioners filed their report in the Probate Court and it was accepted. The plaintiff filed notice of an appeal from the award of the commissioners, but did not prosecute his appeal. Upon these allegations, I think that after the defendant filed her petition in the Probate Court November 21, 1910, and in any event after the notice of the hearing thereon was served on the plaintiff, November 23, 1910, the Probate Court had sole and exclusive jurisdiction to determine in manner provided by statute the validity and amount due on the plaintiff's claim, subject to appeal, and if this be so, it follows that the Supreme Judicial Court did not have original jurisdiction in this matter at the time this action was commenced. But it is alleged that pending the proceedings in the

Probate Court, to wit: at the January Term, 1911, of this Court, the defendant filed a motion to dismiss this action on the ground that it was commenced after the petition above mentioned had been filed in the Probate Court, which motion was at the same term denied. It is contended by the plaintiff that this denial was a judgment which bars or estops the defendant from further setting up the Probate proceedings in defense; in other words, that the defendant is concluded by a denial of her motion to dismiss. I do not think so. A motion to dismiss reaches only such defects or defences as are apparent upon the face of the writ. It is not available to present defences dehors the writ. It raises no issue as to matters not disclosed by the writ. Upon a motion to dismiss, the court has no jurisdiction to determine any issue upon any matter that is not apparent by an inspection of the writ. In this case the motion to dismiss was properly denied, whatever be the merits or demerits of the action itself, because on the face of the writ there appeared no defects nor defences, and I must assume that the presiding Justice did not go beyond the scope of the motion to dismiss and attempt to decide questions which the motion to dismiss did not properly raise.

"Therefore, the entry will be 'Demurrer to brief statement overruled,' and since the parties agree that the facts are correctly and truly stated in the brief statement, a further entry will be: 'Judgment for the defendant.'"

Memo. The commissioners appointed by the Probate Court allowed the plaintiff on his claim $105.51, with $11.34 interest.

The case is stated in the opinion.

*William H. Gulliver,* for plaintiff.

*Anthoine & Talbot,* for defendant.

SITTING: WHITEHOUSE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, JJ.

BIRD, J. This is an action of assumpsit on account annexed and is here upon exceptions to the overruling of plaintiff's demurrer to defendant's brief statement, filed with her plea of the general issue, and the ordering of judgment for the defendant by the Justice presiding at *nisi prius.*

It appears that, upon plaintiff presenting to defendant a statement in writing of his claim against her testator, the defendant, on November 21, 1910, filed her petition in the Probate Court representing the claim to be exorbitant, etc., and praying the appointment of commissioners to determine the amount to be allowed. A day was appointed for a hearing and notice ordered, service of which was made on plaintiff November 23, 1910. On the twenty-eighth day of the same November plaintiff commenced this action against defendant declaring upon the identical claim set out in his written statement and service was made upon defendant December 2, 1910. Seven days later commissioners were duly appointed by the Probate Court. At the return term, January 1911, the defendant filed a motion to dismiss this action upon the ground that it was commenced after the filing of the petition of defendant for the appointment of commissioners upon the same claim declared on.

On the ninth day of March, 1911, the time appointed for hearing, the plaintiff appeared specially before the commissioners and filed written objections to a hearing upon the claim on the ground that they had no jurisdiction because of the commencement and pendency of this action. The plaintiff then presented to the commissioners a sworn statement of his claim, introduced evidence in its support and his case was argued by counsel. March 31, 1911, the commissioners filed their report in the Probate Court which was on the same day duly accepted and allowed by the court. On the eleventh day of April following the plaintiff filed notice of appeal which was ordered filed on the seventeenth day of said April.

Subsequently, at the October Term, 1911, the defendant filed in this action a plea of the general issue and a brief statement substantially setting forth the facts already recited. The plaintiff demurred generally to the plea of the general issue and to the brief statement demurred specially. The demurrer to the brief statement was overruled and, it appearing that the parties agreed that the facts are correctly stated in the brief statement, the further entry of judgment for defendant was made and plaintiff excepted.

The questions raised by the bill of exceptions, to adopt the statement of plaintiff's counsel are first; the effect of the overruling of a motion to dismiss, so called, which contained all the substantial facts which were later made the subject of a plea in bar, to which

plea in bar the defendant demurred and second, the construction of the following language in section 54 of Chapter 66, R. S.:—

"No action shall be maintained on any claim so committed unless proved before said commissioners; and their report on all such claims shall be final, saving the right of appeal."

As to the first question, it is urged by plaintiff upon authority of a work of acknowledged excellence, that the objection to the suit having once been disposed of cannot be raised in another form. The statement purports to be based upon *Cassidy* v. *Holbrook,* 81 Maine, 589; *Coxe* v. *Higbee,* 11 N. J. L., 395, and *Witmer* v. *Schatter,* 15 Serg & R., 150. In the first case a plea in abatement was overruled for technical error and exceptions were overruled. The conclusions of the court relied upon to support the text are *obiter dicta* merely: 81 Maine, 592. In *Coxe* v. *Higbee,* a plea in abatement had been sustained upon its merits and the court refused to allow the same matter to be pleaded in bar and *Witmer* v. *Schatter* simply holds that if a plea of abatement fails to give plaintiff a better writ, an error of plaintiff arising from such failure will not be ground for plea of abatement in a second suit.

Upon a careful examination of the record, we agree with the conclusion reached by the learned Justice presiding at *nisi prius* which is best expressed in his own language; "Upon a motion to dismiss the Court has no jurisdiction to determine any issue upon any matter that is not apparent by an inspection of the writ. In this case the motion to dismiss was properly denied, whatever be the merits or demerits of the action itself, because on the face of the writ there appeared no defects nor defenses, and I must assume that the presiding Justice did not go beyond the scope of the motion to dismiss and attempt to decide questions which the motion to dismiss did not properly raise." See also *Hunter* v. *Heath,* 76 Maine, 219, 222.

Section fifty-four of chapter sixty-six, R. S. was first enacted by c. 115 of the Public Laws of 1859 and remains in the present revision substantially as originally enacted. It in many respects resembles and was doubtless suggested by the provisions of R. S., c. 68 relative to the appointment of commissioners to decide upon claims against insolvent estates of deceased persons. Many of the sections of the latter chapter, including those giving and regulating

appeals, are made expressly applicable to proceedings under R. S., c. 66, § 54.

By § 19, c. 68, R. S., it is provided that "actions pending on claims not preferred when a decree of insolvency is made, may be discontinued without costs; or continued, tried and judgment rendered with the effect, and satisfied in the manner, provided in cases of appeal. No action can be commenced, except on a preferred claim, after such decree." That is, no action, except the action for money had and received by way of appeal, can be commenced upon any unpreferred claim after the decree of the Probate Court adjudging the estate insolvent and appointing commissioners, but an action commenced before such decree may be further maintained, provided plaintiff does not present the claim declared upon to the commissioners: *Bates* v. *Ward,* 49 Maine, 87, 89, 90. When, however, a claim has been presented to commissioners, the claimant can neither commence nor maintain any suit thereon except an action for money had and received by way of appeal: Id page 88. But § 19, c. 68, R. S. is not made applicable in the case of claims exorbitant, unjust or illegal: *Rogers* v. *Rogers,* 67 Maine, 456, 459; and under R. S., c. 66, § 54, no option is given the claimant of either further maintaining a suit pending or submitting his claim to the commissioners but he must do the latter, and the report of the commissioners is final, saving the right of appeal. It is clear that jurisdiction of such claims when committed to commissioners under R. S., c. 66, § 54, is taken from the common law courts and conferred upon the Probate Courts. Some of the difficulties which would attend the attempt to adapt a pending action to the requirements of the statute relative to appeals are enumerated in *Bates* v. *Ward,* 49 Maine, at page 90.

It is, however, urged most strenuously that the word "maintained" as used in R. S., c. 66 § 54 is equivalent to commenced or brought. It is true that this is, perhaps, the ordinary meaning of the word in legal phraseology but it is not always so used in our statutes, as in R. S., c. 84, § 146, we find "bring and maintain," in R. S., c. 83, § 108, "brought or maintained;" and in R. S., c. 107, § 16, "commenced or maintained" where the word means something more than begin or institute and the meaning is fairly equivalent to prosecute what has been begun. See also R. S., c. 89, §§ 4, 6, 9 and 14. It is apparent that the word maintain is used in three

meanings; to commence, *Burbank* v. *Auburn,* 31 Maine, 590, 591; to commence and prosecute to a conclusion, *Kinsey* v. *O. S. R. R. Co.,* 3 O. C. D., 249, 250 and to prosecute to a conclusion that which has already been begun: *Smith* v. *Lyon,* 44 Conn., 175, 178. The court is of the opinion that as used in R. S., c. 66, § 54, the word maintain means to prosecute to a conclusion an action already begun and that the inhibition was inserted out of abundant caution to more clearly differentiate proceedings upon such claims from those against insolvent estates where, as we have seen, the commencement of suits is forbidden after a decree of insolvency. To inhibit the commencement of an action after the claim is duly and legally committed to the commissioners by decree of the Probate Court is unnecessary in view of the fact that the report of the commissioners is made final saving only the right of appeal: R. S., c. 66, § 54.

It is further urged, in support of plaintiff's contention, that, unless his interpretation prevails, a claimant might be prevented wholly from commencing his action within the period limited for the commencement of actions against executors and administrators (R. S., c. 89, § 14) and attention is called to *Whittier* v. *Woodward,* 71 Maine, 161. In that case the administrator, defendant, gave notice of appointment December 31, 1874 and in March, 1877, filed a petition representing the claim of the plaintiff to be exorbitant and for the appointment of commissioners but no notice was ordered and none was given to plaintiff. On the 23rd day of July, 1877, plaintiff acknowledged notice and agreed to the appointment of commissioners. Subsequently she submitted her claim to the commissioners who disallowed it and she commenced her action for money had and received, by way of appeal, September 28, 1877. The court held that plaintiff's action was barred by the limitation, then existing, of two years and six months.

It will be observed that the plaintiff in *Whittier* v. *Woodward* did not acknowledge service of the petition and agree to the appointment of commissioners until some three weeks after the period of limitation had expired and that she had not at that time commenced any suit upon her claim against the administrator. The court says "She then first became a party to the process, and up to that time had a right to commence her action." This is not an accurate statement as her action was then barred by the statute.

What the court undoubtedly intended to say was that up to the time she became a party by acknowledging service she could have commenced her action if the limitation had not expired. In other words one having a claim against an estate may commence an action against the executor or administrator at any time, within the period limited for the commencement of such actions, before service of notice of application made to the Probate Court for the appointment of commissioners, and unless such notice is given within the time limited the jurisdiction of the Probate Court does not attach and any subsequent proceedings therein are of no avail. The difficulty experienced by plaintiff in *Whittier* v. *Woodward* arose from failure seasonably to commence suit or become party to the statutory process. Her suit was an appeal from the action of commissioners upon a claim already barred when she became party to that process. Had she commenced an action at law upon her claim seasonably the proceedings had upon the application of the administrator could not have been successfully pleaded in bar.

If, before her claim is barred, service is made upon or acknowledged by the claimant under the statute process, the subsequent steps, it is unnecessary to state, are unaffected by the statute of limitations.

The entry must be,

*Exceptions overruled.*