**ROBERTSON v. ARGUS HOSIERY MILLS, Inc.**

No. 63.

District Court, E. D. Tennessee.
Feb. 24, 1940.

Rehearing Denied March 20, 1940.

R. H. Brazzell, of Nashville, Tenn., and W. O. Lowe, of Knoxville, Tenn., for plaintiff.

R. R. Kramer, of Knoxville, Tenn., for defendant.

TAYLOR, District Judge.

This is a suit for back wages brought under the Fair Labor Standards Act, 29 U.S.C.A. §§ 206, 207. It is brought for the "plaintiff and all other employees of the Argus Hosiery Mills, Inc., who are similarly situated, as is expressly author-

ized by sec. 16(b) of said Fair Labor Standards Act of 1938". The defendant has moved to dismiss the action on the ground that the court lacks jurisdiction because the amount in controversy between plaintiff and defendant exclusive of interest and costs is less than $3,000.

The plaintiff has moved to strike the motion upon the idea, first, that the complaint alleges that the amount involved is in excess of $3,000; second, that the motion to dismiss raises an issue of fact, and, third, because the action is brought for the purpose of enforcing penalties, as provided by the Fair Labor Standards Act of 1938, sec. 16, subsec. (b), 29 U.S.C.A. § 216(b), and that the court has jurisdiction to entertain such suit.

Considering the last ground of the motion to strike first, I am not able to agree with counsel that the action is for the enforcement of penalties, but is for the collection of back wages and an amount equal thereto as liquidated damages for having withheld same.

As applicable to the first ground of the motion to strike, it is not enough to sustain jurisdiction to allege as a matter of conclusion that the amount involved is within the jurisdiction of the court where specific facts alleged as constituting the liability show the amount involved to be beneath the jurisdictional amount. Such is the situation in the instant case.

This also disposes of the second ground of the motion.

District Courts of the United States, being courts of limited jurisdiction, may not assume jurisdiction unless it clearly exists from the pleadings. It is contended in plaintiff's brief that the amount involved is the amount due all employees of the defendant Argus Hosiery Mills, Inc., whose debts arise out of alleged violations of the Act.

It has been repeatedly held and with but few conflicting decisions that the aggregate of a number of independent claims may not be taken as the amount in controversy, but that the jurisdictional amount must be found in each of the claims.

The plaintiff seeks to find an analogous situation in the case of Bullard et al. v. City of Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141. The court there apparently decided that bonds held by valid assignment in an aggregate jurisdictional amount might constitute the basis of the requisite jurisdictional allegation. Here there is no claim that plaintiff holds by assignment the rights of any other employees in a similar situation to his own. The Act authorizes the institution of the suit in any court of competent jurisdiction for and on behalf of himself or themselves and other employees similarly situated.

I find no case, and none has been cited, holding such a provision to be the same as authorizing the addition of all sums due the similarly situated persons to arrive at the jurisdictional amount.

The motion to dismiss must be therefore sustained.

### On Petition to Rehear.

A petition to rehear was filed by plaintiff, and it was urged that the memorandum did not show whether the provisions of Title 28 U.S.C.A. § 41, Subsection (8) were considered. This section confers jurisdiction upon the District Court of all suits and proceedings arising under any law regulating commerce.

The complaint charges that the defendant "is engaged in the manufacture of hosiery, and in the conduct of its business engages in interstate commerce, in that it purchases all or a great part of its raw material beyond the borders of Tennessee, and sells all or a great part of its finished product beyond the borders of this State". The complaint then alleges that the complainant was an employee of the defendant and worked excessive hours and for compensation less than the minimum provided in the Act.

It must be noted that Subsection (8) confers jurisdiction in cases arising under laws regulating commerce, and I think the cause of action must be shown to bear some reasonable relation to the regulatory provisions relied upon before jurisdiction would follow under this section.

It was argued that the constitutionality of the Fair Labor Standards Act depends upon whether it bears upon interstate commerce. It is not difficult to see how a statute might be constitutional under the commerce clause, and yet have no tendency to regulate interstate commerce. The constitutionality of the Act is not before the court, and the argument is not persuasive. After a careful consideration of the cases cited and others, I have reached the conclusion that the case here presented is not

of that class attributable to some violation of an act designed to regulate commerce. Storm Lake Tub, etc., Factory v. Minneapolis, etc., R. Co., D.C., 209 F. 895; Adams v. Chicago Great Western R. Co., D.C., 210 F. 362; Hartford Fire Ins. Co. v. Chicago, M. & St. P. R. Co., C.C., 62 F. 904, on appeal, 8 Cir., 70 F. 201, 30 L.R.A. 193; National Lock Co. v. Chicago Regional Labor Board, D.C., 8 F.Supp. 820; Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir., 85 F.2d 742.

I have reached the conclusion that there is nothing in the complaint to show that the thing complained of therein arises out of a violation of any statutory provision which tends to regulate interstate commerce and would have been within the jurisdiction of the Commerce Court during its existence.

The petition to rehear is denied.