**STUCKER v. ROSELLE.**

No. 228.

District Court, W. D. Kentucky.

Feb. 25, 1941.

Pierce, Duffy & Mix, of Louisville, Ky., for plaintiff.

Edward A. Dodd and Dodd & Dodd, all of Louisville, Ky., for defendant.

MILLER, District Judge.

The plaintiff, Earl B. Stucker, brought this action on behalf of himself and all employees similarly situated against the defendant Tony F. Roselle, doing business in the name of Roselle the Hatter in Louisville, Kentucky, to recover wages in the sum of $936.94 claimed to be due under Section 7(a) of the Fair Labor Standards Act of 1938, Section 207(a), Title 29, U.S.C.A. The defendant has moved to dismiss the complaint.

In support of the motion the defendant contends that the Court does not have jurisdiction in the matter due to the fact that the amount involved does not exceed the sum of $3,000 exclusive of interest and cost as is required by Section 41(1), Title 28, U.S.C.A. The plaintiff's individual claim is less than the jurisdictional amount under this Section. It is also well settled that when several plaintiffs assert several and distinct demands in a single suit the amount involved in each separate controversy must be of the requisite amount and that such amounts ·can not be added together to satisfy the jurisdictional requirement. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001, and cases therein cited; Barr v. Rhodes, D.C.W.D. Ky., 35 F.Supp. 223. But Section 41(1), Title 28 U.S.C.A. further provides "the foregoing provision as to the sum or value of the matter in controversy shall not be construed to apply to any of the cases mentioned in the succeeding paragraphs of this section." One of the succeeding paragraphs, being Section 41(8), Title 28 U.S. C.A. gives the District Court original jurisdiction "of all suits and proceedings arising under any law regulating commerce." It has been repeatedly held that this provision confers jurisdiction, regardless of the amount involved. Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092; Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S. Ct. 447, 77 L.Ed. 903; Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. Accordingly, if the present suit is one which arises under a law regulating commerce, the District Court has jurisdiction. This question has been passed upon by a number of Courts, and it will be sufficient for this opinion to refer to them for a discussion of the question involved. The ·following decisions have held that a suit such as the present one, under the provisions of the National Fair Labor Standards Act is a proceeding arising under a law regulating commerce and that jurisdiction over it exists in the United States District Court irrespective of the amount involved. Campbell v. Superior Decalcominia Co., Inc., D.C.N.D.Tex., 31 F.Supp. 663; Fishman v. Marcouse, D.C.E.D.Pa., 32 F. Supp. 460; Lengel v. Newark Newsdealers Supply Co.. D.C.N.J., 32 F.Supp. 567; Rogers v. Glazer, D.C.W.D.Mo., 32 F.Supp.

990; Townsend v. Boston & Maine R. R., D.C.Mass., 35 F.Supp. 938. On the other hand it was held that jurisdiction did not exist in the case of Robertson v. Argus Hosiery Mills, D.C.E.D.Tenn., 32 F.Supp. 19. The Fair Labor Standards Act of 1938 provides in Section 2(b), Section 202(b), Title 29 U.S.C.A.: "It is hereby declared to be the policy of this chapter, through the exercise by Congress of its power to regulate commerce among the several States, to correct and as rapidly as practicable to eliminate the conditions above referred to in such industries without substantially curtailing employment or earning power."

The industries referred to are described in Section 2(a) of the Act as being "industries engaged in commerce or in the production of goods for commerce." We agree with the reasons set forth in the several opinions above referred to which hold that jurisdiction is conferred upon the District Court by the provisions of Section 41 (8), Title 28 U.S.C.A.

Defendant's next contention in support of his motion is that the plaintiff has no cause of action because of the exemptions from the application of the Act granted by Section 13(a) (2) of the Act, Section 213(a) (2), Title 29 U.S.C.A. This exemption provision provides that the sections dealing with minimum wages and maximum hours shall not apply with respect to "any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce." Proof was heard respecting the business of the defendant in order that the Court might determine whether or not this exemption applied.

The defendant has been engaged in the hat cleaning business in Louisville for approximately 40 years. In addition to cleaning and reblocking hats for individuals who bring them to this place of business, he also carries on a mail order business both within and without the state, and for other establishments in large lots. His books showed the following facts about his business for the years 1937, 1938, and 1939:

These figures show that the percentage of wholesale and retail business for each year was as follows:

|  | 1937 | 1938 | 1939 |
|---|---|---|---|
| Wholesale | 23.33% | 22.58% | 27.57% |
| Retail | 76.67% | 77.42% | 72.43% |

It also follows that the percentage of interstate business for each year was less than the wholesale percentage, as the total volume of wholesale business includes some intrastate business. Plaintiff's evidence showed that the defendant engaged in a substantial amount of wholesale business and interstate business with other business houses, large department stores, and army posts such as Fort Knox, Ky., and Fort Benjamin Harrison, Indiana, but furnished no figures as to the amount or percentage of each. He also attacked the correctness of the figures given by defendant by showing that cash transactions over the counter (classified by the defendant as retail sales) included some wholesale transactions. But his witness on this point stated her inability to give figures or percentages, while the defendant's evidence on this point was that 98% of the cash transactions were retail sales. This leaves the foregoing statistical tabulation unchanged to any material extent. Plaintiff's contention that it is materially incorrect is not sustained by his proof showing merely the possibility of error without proof of actual error.

The defendant is engaged in commerce and is subject to the provisions of the Act, even though the major portion of its business may be intrastate commerce. It is immaterial that only a relatively small proportion of the defendant's business is interstate commerce. Santa Cruz Fruit Packing Co. v. National Labor Relations Board, 303 U.S. 453, 467, 58 S.Ct. 656, 82 L.Ed. 954; National Labor Relations Board v. Fainblatt, 306 U.S. 601, 606, 59 S.Ct. 668, 83 L.Ed. 1014; Wood v. Central Sand & Gravel Co., D.C.W.D.Tenn., 33 F.Supp. 40; National Labor Relations Board v. Prettyman et al., 6 Cir., 117 F.2d 786, decided February 13, 1941. The employment

| Kind of business | 1937 | 1938 | 1939 |
|---|---|---|---|
| Intrastate wholesale | $1,132.01 | $1,030.31 | $1,298.15 |
| Interstate wholesale | 5,887.22 | 5,667.60 | 5,914.30 |
| Total wholesale | 7,019.23 | 6,697.91 | 7,212.45 |
| Intrastate retail | 23,065.46 | 22,942.62 | 18,949.64 |
| Total business | 30,084.69 | 29,640.53 | 26,162.09 |

of the plaintiff, who worked in the wholesale and shipping departments, was also of such character as to bring him within the provisions of Sections 6 and 7 of the Act, 29 U.S.C.A. §§ 206, 207, which require an employer to make payment of minimum wages under the conditions therein specified to each of his employees "who is engaged in commerce or in the production of goods for commerce." The complaint therefore states a cause of action unless the defendant can claim exemption under the provisions of Section 13 of the Act.

When a concern is engaged in both retail and wholesale business, which business is so intermingled as not to be subject to separate and independent classifications, it raises the question whether it is to be considered for the purposes of the Fair Labor Standards Act a retail concern or a wholesale concern. The Wage and Hour Division of the United States Department of Labor, for purposes of administration, has adopted the rule that an establishment may be considered a retail establishment if more than 50% of the dollar value of its total sales are retail sales, but that it will not be considered a retail establishment if more than 50% of the dollar value of its total sales are wholesale sales. Such a classification is not binding upon a Court in any given case which comes before it as the question can not always be decided by such an arbitrary measurement and necessarily depends upon the facts in each particular case. Accordingly, it was held in Wood v. Central Sand & Gravel Co., supra, that a company whose wholesale business was substantial was not to be considered a retail establishment within the meaning of the exemption provided in Section 13(a)(2) of the Act, although it was operated principally as a retail establishment. The same ruling was made in the case of Lewis v. Nailling, D.C.W.D.Tenn., 36 F.Supp. 187, where the Judge held that the employee was entitled to additional wages under the Act from an employer whose business was approximately 60% retail and 40% wholesale. Plaintiff relies upon this construction of the Act and these decisions as eliminating defendant's plea of exemption, even though the evidence showed that the major portion of the defendant's business was retail business. But Section 13(a) of the Act does not limit the exemption to a retail establishment; it exempts the employee in any "retail or service" establishment. The defendant claims that irrespective of his classification as a retail or wholesale establishment, he is a service establishment within the meaning of the exemption. An exact statement of what is meant by the term service establishment is difficult, but for the purposes of this case we can follow the definition given by Interpretative Bulletin #6 issued by the Administrator of the Wage and Hour Division of the Department of Labor, in December, 1938, in which it is stated "typical examples of service establishments, akin to retail establishments, within the meaning of the exemption are restaurants, hotels, laundries, garages, barber shops, beauty parlors and funeral homes." In the foregoing examples service is given to customers as the chief business of the concern rather than as an incidental part of the business, or work or labor is performed upon the person of the customer or upon property which the customer has left for such service to be given to it. Personal services or labor is sold, rather than property. In the present case the owner of the property has certain labor performed upon it in order to make it more serviceable and it is returned to the owner who pays for the service rather than purchasing a new article for the same use. It is very closely related to a laundry which is specifically included in the definition given by Bulletin #6. In discussing this question the opinion in Wood v. Central Sand & Gravel Co., supra, gave a general description of a service establishment as "barber shops, beauty parlors, shoe-shining parlors, clothes pressing clubs, laundries, automobile repair shops, or the like." [33 F.Supp. 47.] Shoe shining parlors and clothes pressing clubs are examples not referred to in Interpretative Bulletin #6 but no doubt they are properly classified as service establishments and are likewise closely akin to the business carried on by the defendant. We believe the exemption is applicable to the defendant as conducting a service establishment. The evidence shows that approximately 75% or more of the defendant's business is intrastate business. This complies with the other requirement in Section 13(a) that "the greater part" of such selling or servicing must be in intrastate commerce. Plaintiff's contention that the exemption is not applicable if a substantial portion of defendant's business is interstate business, in that under such conditions it is considered as an interstate business, is not well taken. Such a rule has been applied in upholding the right of Congress to regulate the business of a company, even

868

though the interstate character of its business is but a small portion of it (Santa Cruz Fruit Packing Co. v. National Labor Relations Board, 303 U.S. 453, 58 S.Ct. 656, 82 L.Ed. 954, supra), but that is entirely different from overriding the express terms of a statute dealing with an entirely different question. In ordinary language "the greater part" means more than 50% of the whole, where two parts only are being considered. It would be a most distorted construction to say that 75% was not "the greater part" of the whole.

Since defendant's business falls squarely within the statutory exemption, his motion to dismiss the action must be sustained.