### FARR v. SMITH DETECTIVE AGENCY & NIGHT WATCH SERVICE, Inc., et al.

#### No. 438.

District Court, N. D. Texas, Dallas Division.

April 14, 1941.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, Tex., for the motion.

Jack Johannes, of Dallas, Tex., opposed.

ATWELL, District Judge.

Plaintiff alleges that he was employed as a night watchman by the defendants, and was "assigned to watch the premises occupied by the Republic National Bank, a national banking corporation engaged in interstate commerce."

He alleges that while so employed he was paid less than the amount provided by the law for overtime. He sues for an amount which, together with liquidated damages and the attorneys fees, is less than $3,000.

The motion to dismiss contains two grounds; first, that this court has no jurisdiction because the amount is less than the law requires to enter this court.

This matter has been passed upon a number of times by this court, and I have been unable to agree with my brethren in some of the other districts who think that actions under this Act should be for an amount in excess of $3,000. The court would welcome a different ruling, because it would relieve this court of litigation which seems to be on the increase rather than on the decrease, and which has, in many respects, some unsatisfactory results.

The law that I think controls was cited in the case of Campbell v. Superior Decalcominia Company, D.C., 31 F.Supp. 663, which has been cited by a number of courts with approval. I conceive this statute to be directed exclusively and wholly at interstate commerce, and the national courts are given jurisdiction over such controversies regardless of the amount in-

volved, and the Supreme Court has so indicated in the tobacco case. Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 83 L.Ed. 1092.

The second ground is that there is no allegation in the complaint that the defendants are engaged in interstate commerce.

It has been conceded in argument that the defendants are engaged in watch service; that the defendants are both Texas corporations, and have their principal place of business in Dallas, employing watchmen for all sorts of industry and places of business.

This question also has been spoken on plainly by the Supreme Court, as well as by the Circuit Court of Appeals. It is a statute which is quite plain itself. It has penalties and obligations and criminal liabilities and is directed at employer and employee engaged in interstate commerce. An officer who walks down the street and who happens to be assigned for the moment, or, for the month, to a place which is engaged in interstate commerce, does not thrust his employer into interstate commerce. His employer is not engaged in producing goods for interstate commerce. He ought not to be subjected to the pains and penalties of the statute.

The motion to dismiss must be sustained on the second ground.