## TOLLIVER v. CUDAHY PACKING CO., Inc.

### No. 216.

District Court, E. D. Tennessee, S. D.
June 13, 1941.

H. G. B. King, of Chattanooga, Tenn., for plaintiffs.

Williams & Williams, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

This suit is brought by an employe for himself and all other employes similarly situated, under the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219. Sometime after the complaint was filed other persons claiming to be employes similarly situated filed an intervening complaint seeking like recovery for themselves.

The defendant has filed a motion to dismiss on the grounds (1) that there is no jurisdiction because the amount sued for is less than $3,000, (2) that the complaint discloses that the plaintiff is not such employe as can receive the benefits of said act, (3) that some of the intervening plaintiffs are such employes as are specially exempt from the provisions of said act, (4) that one of the intervening plaintiffs, as shown by affidavit, has not worked overtime or been underpaid as alleged in the complaint, and (5) that the intervening plaintiffs have failed to make a cost bond or take the oath in forma pauperis.

Among other allegations as cause for jurisdiction the plaintiff charges that this suit is an action arising under a law regulating commerce.

Section 24, Subsection (8) of the Judicial Code, 28 U.S.C.A. § 41 (8), provides: "The district courts shall have original jurisdiction * * * of all suits and proceedings arising under any law regulating commerce."

The Fair Labor Standards Act is a law regulating commerce. United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. ——, 132 A.L.R. 1430. This leaves the only question as to whether this action "arises under" the Fair Labor Standards Act. If a statute is enacted by Congress to regulate interstate commerce and provides for a right of action therein, any suit arising under such law creating the right is a suit within the statute defining federal court jurisdiction. Cf. The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716.

The prime purpose of the Fair Labor Standards Act is to fix standards of hours and wages for laborers engaged in handling goods in, or producing goods for, interstate commerce.

The Fair Labor Standards Act being a law regulating interstate commerce, the plaintiff's right of action being given by this act, it necessarily follows that this is an action arising under the law regulating commerce.

The next ground of the motion to dismiss is to the effect that the complaint fails to show that the plaintiff comes under the Fair Labor Standards Act. Without par-

ticularizing, it is evident that the complaint as amended is sufficient to require answer and proof.

Grounds three, four and five of the motion concern the intervening plaintiffs. These will be disposed of all together.

The right of intervention is controlled by Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The method provided for intervention was not followed in this case. This has been, perhaps, waived by the defendant's recognition of the intervention by its attack on the intervenors' right to recover.

■ While no question has been raised as to the right to intervene, the court thinks it should be considered on the court's own motion. It appears that there will be much litigation of this type and the court does not want to set a precedent of practice which the court deems to be inconvenient and disorderly.

■ This suit amounts to a class action. Intervenors are rare and exceptional in such actions. There is no provision of Rule 24 that would allow these parties to intervene, except under (b) (2), which provides that an applicant may intervene if his claim and the main action have a question of law or fact in common. Such intervention can only be had by permission of the court. No permission was sought in this case, and if it had been, it would not have been granted.

■■ By the act itself the plaintiff is made the agent to sue and obtain judgment for all other employes similarly situated. If other employes who claim to be similarly situated are permitted to intervene, many questions may be raised which would cause the court much effort and time and which would be all vanity if the main controversy is resolved for the defendant. This case is a good example. The court is asked to go into the question of whether these persons are employes similarly situated as the named plaintiff. The courts are not called upon to make declarations of law the result of which may be speculative or uncertain.

To determine questions of who are employes similarly situated as the named plaintiff, and the like, before settling the question of liability, is putting the cart before the horse.

■ This court thinks that the proper procedure would be this: If there is judgment for the defendant the litigation is ended. If there is judgment for the named plaintiff and all others similarly situated, then the names and amounts due the employes similarly situated can be ascertained by interrogatories or some other proper method. Any dispute on these questions can then be determined.

■ In considering this situation the question might arise as to whether a judgment would bind the unnamed plaintiffs. This is not for adjudication now. But certainly this does not give a right to intervene for said Rule 24, at (a) (2), provides that the right to intervene on this question is dependent on inadequate representation and that the applicant may be bound by a judgment. Both propositions must appear. It is certain that the unnamed plaintiffs are adequately represented in this case.

The court is of the opinion that the intervening complaint should be dismissed.

The result of the action on the motion is that the original complaint will stand and the intervening complaint be dismissed.

Order accordingly.