**PHILLIPS v. PUCCI.**

No. 1087.

District Court, W. D. Missouri, W. D.

Feb. 20, 1942.

Joseph Cohen, of Kansas City, Kan., and Philip L. Levi, of Kansas City, Mo., for plaintiff.

Madden, Freeman & Madden, of Kansas City, Mo., for defendant.

REEVES, District Judge.

This is a suit to recover unpaid minimum wages and unpaid overtime compensation in the sum of $2,028.60. The suit is predicated upon Section 206 and Section 207, Title 29 U.S.C.A. The suit is authorized by Section 216 of said Title 29. It is there provided that:

"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee * * * affected in the amount of * * * unpaid minimum wages or * * * unpaid overtime compensation * * * and in an additional equal amount as liquidated damages."

It is further provided that attorney's fees in a reasonable amount may be allowed, together with costs, in favor of the employee. By said Section 216 it was further provided that:

"Action to recover such liability may be maintained in any court of competent jurisdiction."

By reason of the fact that such suits are under a law regulating commerce, jurisdiction is conferred upon the national courts under paragraph 8, Section 41, Title 28 U.S.C.A. Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285.

The only question presented here is whether the case is one removable from a state court. Section 71, Title 28 U.S.C.A. specifically provides for the removal of cases from a state to the national court where the latter court has original jurisdiction if and when specified conditions or questions exist or arise in the suit. Among other situations designed to authorize removal is where such suits arise "under the Constitution or laws of the United States * * * of which the district courts of the United States are given original jurisdiction."

Since there can be no doubt that the national courts have original jurisdiction of suits of this character there remains the sole question whether this action arose "under the * * * laws of the United States" within the purview of the removal statute. The rights sought to be enforced concededly originated under the laws of the United States. The courts, however, have passed repeatedly upon this identical question.

In Shulthis v. McDougal, 225 U.S. 561, loc. cit. 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205, the Supreme Court said:

"A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends."

This decision has been uniformly followed and was particularly emphasized in the case of Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 97, 81 L.Ed. 70. In this latter case the court said:

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. * * * *The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. * * * A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto * * * and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."*

It is unnecessary to multiply authorities. It was clearly the intent of the Congress to confer jurisdiction upon the state courts to adjudicate controversies arising on the rights created. Since the right or rights are clear, concise, unmistakable and unambiguous, no federal question obtrudes itself, and, accordingly, the suit is not removable.

The case will be remanded to the state court from which it was removed.