**BOOTH v. MONTGOMERY WARD & CO., Inc.**

Civ. No. 102.

District Court, D. Nebraska, Lincoln Division.

April 22, 1942.

452

George Milliken, of Lincoln, Neb., for plaintiff.

Woods, Aitken & Aitken and Richard W. Smith, all of Lincoln, Neb., and John A. Barr and Brooks Wynne, both of Chicago, Ill., for defendant.

DELEHANT, District Judge.

The plaintiff, a citizen and resident of Nebraska, filed this action in the District Court of Lancaster County, Nebraska, to recover from the defendant, an Illinois corporation doing business in Nebraska, the sum of $437.12, as overtime wages and liquidated damages, alleged to be due to him in consequence of the defendant's disregard of the provisions of the Fair Labor Standards Act of 1938, together with attorney's fee and costs. Tit. 29, §§ 201–219, U.S.C.A. The action was removed to this court upon the defendant's petition. The plaintiff, thereupon, moved to remand; and it is upon that motion that the case now stands.

Only one question is presented to the court. Is every action brought in a state court for the recovery of judgment under the Fair Labor Standards Act of 1938 removable, at the option of the defendant, to the United States District Court? The finality of an order of this court remanding a removed action to the state court (Tit. 28, § 71, U.S.C.A.) admonishes the court to extreme caution in its study of the issue.

After defining the extent of the civil liability of an employer to his aggrieved employee for violation of Sec. 206 or Sec. 207 of the title, the act, in Tit. 29, § 216(b), U.S.C.A., proceeds: "Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated."

■ It would appear to be obvious that the congress intended, by the foregoing language respecting the venue of actions under the law, to allow to the employee the right to institute and prosecute his civil action for the recovery of his statutory benefits, in any lawfully constituted court, state or federal, which, by the law of its erection, may reach the persons of the necessary parties, and have jurisdiction over the sum of money immediately involved. The term, "court of competent jurisdiction" is judicially defined to admit of that inference. Babbitt v. Doe ex dem. Brush, 4 Ind. 355, In re Norton, 64 Kan. 842, 68 P. 639, 91 Am.St.Rep. 255. Some of the considerations which probably impelled the congress to that grant of jurisdiction will be suggested briefly and in their proper order.

■ For some time there was judicial doubt about the jurisdiction of the federal courts of actions under the law, in the absence of diversity of citizenship and the minimum jurisdictional financial requirement. Robertson v. Argus Hosiery Mills, D.C., 32 F.Supp. 19; Stewart v. Hickman, D.C., 36 F.Supp. 861. But, it is now manifest that, both by reason of the express grant of jurisdiction above quoted, Tit. 29, § 216(b), U.S.C.A. (which to the writer of this opinion seems the obviously sufficient ground), and because they arise "under any law regulating commerce", Tit. 28, § 41(8), U.S.C.A., these actions may be maintained in the United States District Courts, irrespective of the amount involved or the citizenship of the parties. Williams v. Jacksonville Terminal, 62 S.Ct. 659, 86 L.Ed. ——, opinion by Mr. Justice Reed filed March 2, 1942; Opp Cotton Mills v. Administrator, 312 U.S. 126, 657, 61 S.Ct. 524, 85 L.Ed. 624 (jurisdiction exercised but not challenged); Argus Hosiery Mills v. Robertson, 6 Cir., 121 F.2d 285, reversing D.C., 32 F.Supp. 19, certiorari denied Nov. 10, 1941, 62 S.Ct. 181, 86 L.Ed. ——; Campbell v. Superior Decalcominia Co., D.C., 31 F.Supp. 663; Fishman v. Marcouse, D. C., 32 F.Supp. 460; Lengel v. Newark Newsdealers Supply Company, D.C., 32 F.Supp. 567; Rogers v. Glazer, D.C., 32 F.Supp. 990; Townsend v. Boston & M. R. R., D.C., 35 F.Supp. 938; Divine v. Levy, D.C., 36 F.Supp. 55; Berger v. Clouser, D.C., 36 F.Supp. 168; Martin v. Lain Oil & Gas Co., D.C., 36 F.Supp. 252; Remer v. Czaja, D.C., 36 F.Supp. 629; Missel v. Overnight Motor Transportation Co., D.C., 36 F.Supp. 980, reversed on nonjurisdictional ground, 4 Cir., 126 F.2d 98;

Stucker v. Roselle, D. C., 37 F.Supp. 864; Farr v. Smith Detective Agency & Night Watch Service, D.C., 38 F.Supp. 105; Britt v. Cole Drug Co., D.C., 39 F.Supp. 90; Tolliver v. Cudahy Packing Co., D.C., 39 F. Supp. 337. Owens v. Greenville News-Piedmont, D.C., 43 F.Supp. 785, decided April 1, 1942, vide infra. In many of these cases the conclusion sustaining jurisdiction rests substantially on Mulford v. Smith, 307 U.S. 38, 59 S.Ct. 648, 651, 83 L.Ed. 1092, in which the Supreme Court of the United States sustained the jurisdiction of the Federal District Court, 24 F.Supp. 919, of a tobacco producers' suit challenging the validity of the Agricultural Adjustment Act of 1938, 7 U.S.C.A. § 1281 et seq., on the ground that it was a "proceedings arising under any law regulating commerce".

Likewise, the jurisdiction of the state courts is conceded, by way of dictum, in several of the foregoing cases. And it is directly affirmed in many others; among which are Forsyth v. Central Foundry Co., 240 Ala. 277, 198 So. 706; Mengel Co. v. Ishee, Miss., 4 So.2d 878; Ricciardi v. Lazzara Baking Corporation, D.C., 32 F.Supp. 956; Stewart v. Hickman, D.C.Mo., 36 F. Supp. 861; Garrity v. Iowa-Nebraska L. & P. Co., unreported, but Case No. 104 Civil, in this division of this court, opinion filed August 11, 1941; Wingate v. General Auto Parts Co., D.C., 40 F.Supp. 364; Kuligowski v. Hart, D.C., 43 F.Supp. 207; and Phillips v. Pucci, D.C.Mo., 43 F.Supp. 253; Owens v. Greenville News-Piedmont, supra.

The equal availability of the state and federal courts being acknowledged, may a defendant defeat the election of forums reposed in the plaintiff by a right of removal? In other words, is the grant of jurisdiction to the state courts left at the mercy of the defendant? In effect, a demand for removal insists that it is.

The claimed right of removal in this instance is predicated by the defendant solely upon Tit. 28, § 71, U.S.C.A.; from which the following material language is quoted in defendant's brief: "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction, in any state court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district."

Speaking generally, and without immediate reference to suits based upon the act presently under examination, a case is one arising under the laws of the United States, if, and only if, "it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends"; and the existence of this real and substantial dispute or controversy must appear from the complaint itself. Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 706, 56 L.Ed. 1205; Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 97, 81 L.Ed. 70.

In the latter case, Mr. Justice Cardozo uses this clear language:

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. * * * The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. * * * A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto * * * and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. * * * Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense."

In their excellent memorandum brief, counsel for the defendant quote and segregate the elements of the foregoing test and proceed to argue that the plaintiff's petition in the state court meets every one of them. The argument is scholarly and ingenious, but the court can not agree to all of its conclusions. That "a right created by the laws of the United States is an essential element of the plaintiff's cause of action" is undoubtedly true in the present case. Possibly, too, it may be maintained that the "right is such that it will be supported if the law of the United States is given one construction or effect and defeated if it receives another", although that test is not certainly met in

this case. But the court is satisfied that the remaining elements of the test can not be affirmed here. To the court, it does not appear in this case both that "a genuine and present controversy, not merely a possible or conjectural one, exists" with respect to statutory construction, and that such "controversy is disclosed upon the face of the petition, unaided by the answer or by the petition for removal."

To aver that the last two tests are met by the plaintiff's petition involves implicitly the assertion that every suit under the act necessarily involves "genuine and present, and not possible and conjectural, controversies" of statutory construction. The court is not persuaded of the validity of that position. A wide variety of purely factual answers might have been tendered to the plaintiff's petition. To suggest only a few: his employment might have been denied; his overtime labor might have been questioned; his alleged wage structure might have been disputed, or it might have been averred by way of affirmative defense that he was paid more than he admits, enough more to obviate any admitted overtime benefits; or his entire petition might have been admitted and ultimate liability denied by reason of some available counterclaim. In fact, it may seriously, though improbably, be insisted that even the defendant's answer does not necessarily present theories of statutory construction that will be controverted. Those theories may possibly be conceded by the plaintiff with the contention that they are inapplicable to the demonstrable facts.

Relatively few reported opinions deal with the question of the removability of these cases.

Removability has been affirmed by way of dictum in Ricciardi v. Lazzara Baking Corp., supra, and directly in Owens v. Greenville News-Piedmont, supra, and Mengel Co. v. Ishee, supra. The Mengel Co. opinion of the Mississippi Supreme Court reveals that there was a difference of opinion among the members of the court respecting the nature of the suit but that the majority considered the case to be removable in consequence of the concurrent jurisdiction of the state and federal courts. The discussion of the issue of removability is not instructive. In the course of the preparation of this memorandum, the court has been favored, through the gratifying diligence of defendant's counsel, with photostatic copies of the opinion, as yet unreported, but filed on April 1, 1942, in the United States District Court for the Western District of South Carolina, in the case of Owens v. Greenville News-Piedmont. In that opinion the defendant's right to the removal of these cases is vigorously asserted and defended on the authority of the Mengel Co. and Ricciardi cases, as well as by the independent reasoning of the judge who wrote the opinion. Without necessarily concurring in it, there is, admittedly, more than slight logic in the court's syllogistic argument to the effect (1) that the action arises under a law regulating commerce; (2) that a law regulating commerce is a law of the United States; and, therefore, (3) that the action arises under the constitution or laws of the United States, and, in consequence of Tit. 28, § 71, U. S.C.A., is mandatorily removable. This court, however, considers that it seems presently to represent the reasoning of a minority among the federal authorities, and especially that it is at variance with the predominant opinion within this circuit and district (vide infra). Of the Ricciardi case, more will be said later.

Other federal courts have remanded the suits to the jurisdiction of the state courts.

Recently (March 25, 1941), in Kuligowski v. Hart, supra, the Federal District Court for the Northern District of Ohio, relying on Gully v. First National Bank, supra, remanded a case of this character with this comment: "The case, on the record, involves not the construction of a Federal statute, but it is an action to enforce a right given by a Federal statute, and for the prosecution of the right to a remedy the Congress has provided that the employee may maintain an action in any court of competent jurisdiction, and Common Pleas, courts are such courts. It must be conceded that Congress may extend such privilege in respect of Federal rights and their enforcement to other than Federal courts, and I think it has done so in the Federal Fair Labor-Standards Act."

Again, and most persuasively, the court says: "It would be a vain thing for Congress to provide that such actions as this could be maintained in any court of competent jurisdiction, only to permit the action so commenced to be removed to the Federal Court."

Quite early, on December 27, 1939, in an unreported opinion in Sconce v. Montgomery Ward & Co., and on January 3,

1941 in Stewart v. Hickman, supra, the two learned judges of the federal court for the Western District of Missouri separately remanded to the state court suits arising under the act. Both in oral argument and in their brief, counsel for the defendant here criticize these two opinions on the score of their expression of doubt about the jurisdiction of the federal court in the absence of an adequate amount in controversy and diversity of citizenship, and the latter for its quotation from Robertson v. Argus Hosiery Mills, D.C., 32 F.Supp. 19, which has now been reversed. 6 Cir., 121 F.2d 285.

However, in Wingate v. General Auto Parts Co., supra, the writer of the Sconce opinion, on August 5, 1941, explicitly recognizing the availability of federal jurisdiction, nevertheless held that an action once started by the employee in the state court and removed to the federal court should be remanded. And, on February 20, 1942, the writer of the Stewart opinion, in Phillips v. Pucci, supra, likewise sustained the right of the plaintiff to a remanding order; and in doing so, stressed the pertinence of Shulthis v. McDougal, supra, and Gully v. First National Bank, supra, and the obvious purpose of the congress to confer upon an aggrieved employee the convenience and advantage of an indefeasible recourse to the immediately accessible state courts.

The unreported opinion in the Garrity case of the learned senior judge of this district may be mentioned again, not necessarily as controlling upon the practice within the district, but as a persuasive intimation of his opinion upon the issue. The writer of this memorandum in the circumstances would be reluctant to initiate a disparity in the practice within this district upon this important question. But that course is unnecessary, for the writer has no difficulty in approving the theory of the Garrity opinion.

In Ricciardi v. Lazarra Baking Corporation, supra, the federal court for the District of New Jersey, first concluded that the case before it must be remanded, because the petition for removal was not seasonably filed; and thereafter expressed the opinion that the action would have been removable, if removal had been sought early enough. Manifestly, the discussion was dictum, and as analysis discloses, dictum sustained by indefensible reasoning based upon an unsound premise.

■ One paragraph in the Ricciardi case suggests a final reflection. It insists that the word "maintained" in the congressional grant of concurrent judisdiction is of no practical significance because, in some quarters it has been construed to signify, in legal parlance, the thought comparably expressed by the word "commenced". Perhaps the word is not imperatively convincing; yet, by judicial definition, it does mean more than merely "commenced". Derivatively, of course, it means literally "held in hand"; more liberally, "preserved" or "continued". In popular thinking it enjoys that liberal connotation. And by many adjudicated cases, it is held to signify "begun and carried to effect", "prosecuted to conclusion", "preserved in effect", and the like. Smallwood v. Gallardo, 275 U.S. 56, 48 S.Ct. 23, 72 L.Ed. 152; Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265; In re Nelson Co., D.C., 294 F. 926; California Savings & Loan Soc. v. Harris, 111 Cal. 133, 43 P. 525; Roullard v. Gray, 38 Cal.App. 79, 175 P. 479; Carson Rand Co. v. Stern, 129 Mo. 381, 31 S.W. 772, 32 L.R.A. 420; Tri-State Amusement Co. v. Forest Park Highlands A. Co., 192 Mo. 404, 90 S.W. 1020, 4 L.R.A.,N.S., 688, 111 Am. St.Rep. 511, 4 Ann.Cas. 808; National Fertilizer Co. v. Fall River Five Cents Savings Bank, 196 Mass. 458, 82 N.E. 671, 14 L.R.A.,N.S., 561, 13 Ann.Cas. 510; Shurtleff v. Redlon, 109 Me. 62, 82 A. 645.

■ This court is satisfied that the legislative purpose, in harmony with the prompting impulse of the Fair Labor Standards Act, was to grant a broad jurisdiction for the enforcement of the obligations imposed under the act, and specifically to vest the plaintiff employee with the election between the available courts. The reasons for that course are manifest. It was and is obvious that, except in very rare group or class actions, the amount of potential recovery under the act will be so small that the aggrieved employee will be tempted to abandon the vindication of his right unless he may institute his suit and prosecute it to effect in a court of his own choice, within his immediate neighborhood, and without burdensome and disproportionate expense both in money and in time. To that end, the court considers that the congress employed apt language, in providing that the suits arising under the law might be "maintained ·in any court of

456

competent jurisdiction". In that context, "maintained" does, indeed, signify "commenced"; but it also includes within its significance every requisite step in carrying the suit, once commenced, to effect. In employing the term the congress did not intend to do a vain, or a cruelly deceptive thing.

█ Nor does the court consider that express amendment of the removal statute was required to make the legislative purpose effective. Certainly a flat prohibition against removal comparable to that contained in the Railway Employers' Liability Act, Tit. 45 §§ 51–59, U.S.C.A., and confirmed in the removal act, Tit. 28, § 71, U.S.C.A., would have eliminated all question of removal. It would, therefore, have been good legislative craftsmanship. But its omission is not fatal to the manifest intent of the congress. The legislation was a novel venture. It did not merely declare and implement an existing, but hitherto undefined, right. It created a new right. And it appropriately provided the jurisdiction within which that right might be enforced. Its action in that behalf, the general validity of the legislation having been judicially affirmed, must not now be nullified by narrow or captious judicial construction. The basic right being allowed, its vindication must not be defeated by burdensome procedural restrictions, unless the congress, by clear mandate, has itself imposed them.

█ This court considers, therefore, that the act itself, fairly understood, ought to be regarded as a clear indication of the legislative determination that the employee may select, and remain in, the forum of his choice, for the assertion of his civil rights under it. That it might have accomplished its purpose with greater nicety and clarity may be admitted. But one must not neglect the historical fact that the measure, after lying long with scant hope of enactment, was finally passed in the haste incident to congressional adjournment, which notoriously and unfortunately, intercepts adequate parturitional care in the case of much of our most vital national legislation. That circumstance, while it is by no means, a substitute for legislative language, may be reckoned with in weighing language actually employed.

The court is confirmed in its opinion by the fact that it is clearly sustained by previous able judicial expressions, particularly within this circuit, and within this district. A settled opinion to the contrary among the federal decisions may ultimately mature; but it can not be said presently to exist. Besides, if there be doubt upon the issue, it is one in which the court should not be jealous of its own jurisdiction but should rather resolve the doubt against removal.

An order remanding the case to the District Court of Lancaster County, Nebraska, is, therefore, being made and entered concurrently with the filing of this memorandum.